Statement.

# Staunton.

## Risque's Administrator v. Chesapeake & Ohio. Railway Company.

### September 26, 1905.

1. RAILROADS—*Delivery of Defective Cars—Inspection—Injury to Servant of Receiving Company.*—If a railway company delivers, on a siding, to a company operating an iron furnace, cars without brakes, or with unsound brakes, in consequence of which defect a servant of the receiving company is injured, his remedy is against the receiving company only, whose servant he is, and whose duty it was to inspect the cars before use, and either decline to receive them or else remedy the defect. There is no relation of employer and employee between the delivering company and the person injured.

2. RAILROADS—*Joint Use of Grade Crossing—Contributory Negligence.*—Where the view of a grade crossing of a railroad and a furnace track is obstructed, the engineer of the furnace company who backs his locomotive onto the track of the railroad, with his back to the railroad, so that he can not see, at a time when he knows that a passenger train on the railroad is due and must pass over that point, cannot recover of the railroad company for injuries resulting from a collision with such passenger train, even if the servants in charge of such train were guilty of negligence in giving warning of its approach. His own contributory negligence bars recovery.

Error to a judgment of the Circuit Court of Rockbridge county, in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Hugh A. White,* for the plaintiff in error.

*Robert L. Parish,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for the alleged negligent killing of the plaintiff's intestate in a collision between an engine of the Alleghany Ore and Iron Company, which owns and operates the Buena Vista Iron Furnace, and a passenger train of the Chesapeake and Ohio Railway Company, at a crossing near Buena Vista.

There was a demurrer to the evidence, and a judgment thereon in favor of the defendant, and thereupon the case was brought to this court.

We are of opinion that the demurrer to the eighth and ninth counts of the declaration was properly sustained. These counts aver that the defendant railway company was guilty of negligence in furnishing the Ore and Iron Company cars without brakes, or with unsound brakes, to be handled upon its yards; and assume that this alleged negligence rendered the defendant liable to the plaintiff's intestate for any injury he may have sustained in the use of such cars.

The plaintiff's intestate was an employee of the Alleghany Ore and Iron Company. The declaration shows that the cars were delivered by the railway company to the Ore and Iron Company on a side tract, to be moved, and either unloaded of freight belonging to the Ore and Iron Company or loaded with the product of that company. If these cars were without brakes, or equipped with unsound brakes, it was the duty of the Ore and Iron Company to ascertain the fact by proper inspection, and either remedy the defect or decline to use the cars. No relation of employer and employee existed between the defendant company and plaintiff's intestate, and if he suffered any injury by reason of the cars in question being without brakes,

or equipped with unsound brakes, the liability, if any, would rest upon his master, the Alleghany Ore and Iron Company, for failing to make proper inspection, and not upon the defendant railway company. *Baltimore & Potomac R. Co.* v. *Mackey,* 157 U. S. 72, 15 Sup. Ct. 491, 39 L. Ed. 624; *Texas Pac. R. Co.* v. *Archibald,* 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188.    See 20 Am. & Eng. Ency. Law, pp. 80-81, and 23 Id. 731.

We are further of opinion that the demurrer to the evidence was properly sustained.    The Chesapeake and Ohio Railway Company's passenger train number 83 was approaching its Buena Vista station on schedule time.    Five hundred and forty feet south of the station its main line is crossed by a track of the Alleghany Ore and Iron Company; said crossing being used by the latter company for delivering freight to and receiving it from the Chesapeake and Ohio and Norfolk and Western Railways.    As the engine attached to the passenger train of the defendant company was passing over the crossing mentioned, the engine of the Ore and Iron Company backed upon it, stricking the tender attached thereto and causing a wreck which resulted in the death of plaintiff's intestate.    The Ore and Iron Company's yard, on which its engine was run before it reached the crossing was obstructed by box cars on the side track near the crossing, and by fog.

The defendant in error relies on several defenses, but as one is in our opinion conclusive of the case it is unnecessary to advert to others.

The plaintiff's intestate was the engineer in charge of the engine of the Ore and Iron Company, and at the time of the accident was engaged in shifting cars on the yard of his employer. While attempting to make what is called a flying switch, he backed his engine upon the defendant company's main line with his back to the railroad track, so that he could not see, and this at a time when he knew the defendant's passenger train was due at its Buena Vista station, and could not reach it except by

passing over the crossing upon which he was backing his engine. Such negligence can only be characterized as reckless, if not wanton. If it were conceded that the defendant railway company was guilty of the negligence it is charged with, in approach- ing its Buena Vista station, the contributory negligence of the intestate disclosed by the record would preclude a recovery. *Pittsburg R. Co.* v. *Browning* (Ind. App.), 71 N. E. 227; *Kelly* v. *Duluth R. Co.* (Mich.), 52 N. W. 81.

The case last cited is very similar in its facts to that at bar, except that the case in judgment is much stronger for the de- fendant. After stating the facts in that case, the court says: "Both of these engineeers were reckless. Both knew that there were no semaphores, flagmen, or gates at this crossing. The view of each was obstructed. It was the duty of each in the performance of his obligations to his employers, to see that the way was clear before attempting to make the crossing. A compliance with the statutory duty of stopping and giving the crossing signals did not relieve either from the duty of keeping his train under control, so that it could have been stopped in time to avoid the collision. The only difference in conduct was possibly in the rate of speed of the trains, but this does not ex- cuse plaintiff in the neglect of a plain duty in the line of his employment. The trial judge was right in directing a verdict for the defendant, and the judgment is affirmed."

For these reasons the judgment complained of must be af- firmed.

*Affirmed.*