## King, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroads—Proximate cause—Injury to switch connection—Manager of yard—Injury while inspecting repairs—Contributory negligence—Judgment n. o. v.*

1. The test of proximate cause is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause, the negligence of the defendants.

2. In an action against a railroad company to recover damages for personal injuries, the court does not err in directing the entry of a judgment for the defendant non obstante veredicto where it appears that the plaintiff was one of the lessees and the manager of a coal yard that had a switch connection with the defendant's tracks; that a loaded car was pushed on to the switch with such force as to injure the trestle work upon which the tracks were laid, to break down the bumper at the end of the track, to injure the studding of the shed covering the tracks, and to move from its support the end of a plank of the footwalk on the trestle work along side the tracks; that a week after the occurrence the defendant's carpenters went to the shed to make the repairs and during the progress of the work the plaintiff, in walking towards the carpenters from the end of the shed opposite that at which they had commenced work, stepped on the end of the plank that was without support and fell into one of the bins beneath the trestles; that the carpenters had done nothing to the walk and it was then in the condition caused by the impact of the car a week before; and that during the week the plaintiff had carried on his business

in the yard as usual, and the nature and extent of the injury to the shed and walk were apparent.

Argued March 16, 1914. Appeal, No. 86, Jan. T., 1914, by plaintiff, from judgment of C. P. Bradford Co., Sept. T., 1913, No. 45, entered for defendant non obstante veredicto in case of Jay King v. Lehigh Valley Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass for personal injuries. Before MAXWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,250. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*D. C. DeWitt,* for appellant.

*J. Roy Lilley,* with him *William P. Wilson* and *Mial E. Lilley,* for appellee.

PER CURIAM, March 30, 1914:

This appeal is from a judgment entered for the defendant by direction of the court non obstante veredicto on a question of law reserved at the trial. The plaintiff was one of the lessees and the manager of a coal yard that had a switch connection with the defendant's tracks. Within the yard the track of the switch was on trestle work and under it there were a number of bins and at one side a narrow foot walk of planks supported on the trestles and extending over the bins. The track and bins were covered by a frame shed. Loaded coal cars were delivered by the defendant on the switch at the west end of the yard from which place they were re-

moved by the plaintiff and to which empty cars were returned by him. A loaded car that was pushed onto the switch ran into the building with such force as to injure the trestle work, to break down the bumper at the end of the track, to injure the studding of the shed and to move from its support the end of a plank of the foot walk. A week after the occurrence, the defendant's carpenters went to the shed to make repairs. While they were at work, the plaintiff in walking towards them from the end of the shed opposite that at which they had commenced work stepped on the end of the plank that was without support and fell into one of the bins. The carpenters had done nothing to the walk and it was then in the condition caused by the impact of the car a week before. During the week the plaintiff had carried on his business in the yard as usual and the nature and extent of the injury to the shed and walk were apparent.

At the trial there was no dispute as to any material fact. Judgment non obstante veredicto was entered on the ground that the plaintiff's negligence was the proximate cause of his injury. We concur in the conclusion reached by the learned trial judge. The plaintiff had or by looking would have had full knowledge of the exact extent of the damage done, and without taking any precaution he went where he had reason to apprehend danger. His injury cannot be said to be the natural and probable result of a negligent act of the defendant's trainmen a week before. "The test of probable cause is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause, the negligence of the defendants." Thomas v. Railroad Co., 194 Pa. 511.

The judgment is affirmed.