## KNIGHT v. WESSLER et al.

### No. 4334.   Decided June 4, 1926.   (248 P. 132.)

1. APPEAL AND ERROR. Where reasonable minds may draw different conclusions from evidence, finding of trial court is binding upon Supreme Court.

2. AUTOMOBILES—EVIDENCE HELD TO WARRANT FINDING THAT DEFENDANT'S NEGLIGENCE, IN PARKING TRUCK WITHOUT LIGHTS, WAS CONCURRING CAUSE OF COLLISION BETWEEN AUTOMOBILES (LAWS 1921, c. 83). Evidence that defendant's truck was parked without lights on highway, violative of Laws 1921, c. 83, and codefendant, approaching truck which obstructed his way, turned abruptly and collided with plaintiff's automobile, *held* to warrant finding that defendant's negligence was concurring cause of accident.[1]

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie,* Judge.

Action by George Knight against L. Wessler and the Salt Lake-Ogden Transportation Company. Judgment for plaintiff, and last-named defendant alone appeals.

AFFIRMED.

*Hurd & Hurd,* of Salt Lake City, for appellant.

*Gardner, Schiller & Rolapp,* of Salt Lake City, for respondent.

GIDEON, C. J.

In this action respondent, plaintiff below, seeks judgment against the defendant L. Wessler and appellant, Salt Lake-

---

[1]*Busse* v. *Murray Meat & Live Stock Co.,* 45 Utah, 596, 147 P. 626; *Soule* v. *Weatherby,* 39 Utah, 580, 118 P. 833, Ann. Cas. 1913E, 75; *Edgar* v. *Railroad,* 32 Utah, 330, 90 P. 745, 11 L. R. A. (N. S.) 738, 125 Am. St. Rep. 867.

Corpus Juris-Cyc. References:

[1]   Appeal and Error 4 C. J. p. 854 n. 64.
[2]   Motor Vehicles 28 Cyc. p. 47 n. 20.

Ogden Transportation Company, for alleged damage for injuries to his automobile.

The complaint charges Wessler with negligently and at an excessive rate of speed operating a Ford truck upon the highway, and alleges that by reason of such negligence Wessler collided with the automobile being driven by respondent, causing the injuries complained of. The negligence charged against appellant is that, at the time and place of the accident, it had left its truck upon the traveled portion of the highway without displaying a light, as required by chapter 83, Sess. Laws of Utah 1921, and it is alleged that by reason of such negligence the truck driven by Wessler collided with the respondent's automobile.

Wessler filed an answer, but did not appear at the trial. He was not a witness in the case. Judgment was had against both Wessler and the Salt Lake-Ogden Transportation Company.

The answer of appellant and also the answer of Wessler denied the acts of negligence alleged in the complaint. A trial was had before the court sitting without a jury. Findings of fact and conclusions of law were made, and judgment given against both defendants. The transportation company alone appeals.

The contention of appellant can be best stated in the language of its brief, as follows:

"The appellant has assigned a number of errors, but, as they all, or practically all, go to the one question as to the insufficiency of the evidence to justify or sustain any finding or judgment against appellant, we can best discuss them all together as a whole.

"The plaintiff in the case at bar seeks to hold the defendant Salt Lake-Ogden Transportation Company on the ground of alleged concurring negligence, viz. the alleged violation of the statute requiring vehicles on the highways to maintain a red light at the rear of the vehicle between certain hours. Conceding, for the sake of this argument, that the violation of a statute of this character is negligence per se, yet the same does not make the defendant liable unless such negligence or violation of the statute is the proximate cause of the injury complained of."

Knight v. Wessler et al., 67 Utah 354

It conclusively appears from the evidence that appellant owns and operates a truck line carrying freight between Salt Lake City and Ogden, Utah. It holds a license permitting it to do so from the Public Utilities Commission of the state. On or about October 17, 1923, one of its trucks, while being driven from Ogden to Salt Lake City, was disabled. The driver parked the truck on the west side of the highway and the disabled wheel was taken to Salt Lake City to be repaired. The width of the highway at the point of the accident does not definitely appear in the record. It does, however, there appear that the width of the paved portion of the highway is 18 feet. It is cement pavement. The testimony is in conflict as to just how far the transportation company's truck was upon the paved portion of the road. Respondent's witnesses place the distance at from 2 to 3 feet, while appellant's witnesses place it less. However, it is undisputed that the east wheels of the truck were standing on the pavement.

The court found, as is abundantly supported by the evidence, that the accident happened at about one hour after sunset; and it is likewise conclusively shown that at that time no tail light or headlight was displayed on appellant's truck as is required by the statute above referred to.

Respondent was driving north, and, upon approaching appellant's truck, and within a distance of about 100 feet, turned to the east to such an extent that the east wheels of his automobile were off the pavement. Wessler was driving south on the west side of the pavement and had the lights on his truck burning. The lights on respondent's automobile were also burning. Just at the time when respondent passed the standing truck, Wessler, coming south, and approaching the place where appellant's truck was standing, turned abruptly and sharply to the east and collided with respondent's car, thus causing the injuries complained of. The testimony of both respondent and appellant is to the effect that Wessler was driving at a speed of approximately 35 miles an hour. One of appellant's witnesses testified that

he was at or near the rear end of appellant's truck as Wessler approached; that he saw Wessler coming, and judged that he was traveling at a speed of about 30 miles an hour. This witness stated that he had to jump to avoid being hit by the on-coming truck. There is no claim or contention that respondent, by any act on his part, contributed to the injury. The evidence is undisputed that he was proceeding along the highway in the exercise of due care and traveling at a speed of about 20 miles an hour.

As the writer understands the burden of appellant's contention, and as stated in the above quotation from the brief, it is that, conceding the negligence of appellant in failing to display a tail light, there is no evidence that such negligence was the proximate or a contributing cause of the injury. It is true there is no affirmative evidence in the record stating just how or why Wessler turned his car to the east and by reason thereof collided with respondent's automobile. From the facts proven, however, is there any inference permissible other than that he failed to see the standing truck or any light displayed thereon in time to check the speed of his car and hence turned east to avoid a collision with the truck standing on the highway? In our judgment no other inference is reasonable or deducible from the facts shown.

In *Busse* v. *Murray Meat & Live Stock Co.*, 45 Utah, 596, 147 P. 626, in the course of the opinion it is said:

"True, negligence, as well as how the accident occurred, may be inferred from known or established facts and circumstances. Such inference must, however, be based upon some known or established fact or facts and cannot be conjectured or inferred from other inferences."

The facts in this case, as we have attempted to indicate, show that the truck of appellant was on the highway; that appellant had neglected to display lights as required by statute, thus warning any one approaching that there was an obstruction on the highway; that Wessler was approaching

from the north, and, while so approaching and near the standing truck, turned abruptly to the east. As stated, the only reasonable inference is that he turned to avoid a collision.

The testimony is all to the effect that the damage to respondent's automobile was caused by the impact of the Wessler truck. It is therefore seriously contended on the part of appellant that its negligence was not a contributing or the proximate cause of the injury. Do the authorities support the claim of appellant in the light of the proven facts?

The Supreme Court of South Carolina, in *Sandel* v. *State,* 115 S. C. 176, 104 S. E. at page 569 (13 A. L. R. 1268) says:

"The test, therefore, of the sufficiency of intervening causes to defeat recovery, is not to be found in the mere fact of their existence or number, but rather in the nature, and the manner in which they affect the continuity of the operation of the primary cause, or the connection between it and the injury. If they so affect it that the injury cannot fairly be said to be the natural and probable consequence of the primary cause, they become the proximate or efficient, and the primary becomes the remote, cause. * * * In operation, an intervening cause succeeds or follows that which, for convenience, is called the primary cause, though, as we have seen it, it is only the remote cause; but concurring causes operate contemporaneously to produce the injury, so that it would not have happened in the absence of either. If, by the exercise of reasonable foresight and diligence a concurring cause should have been foreseen and foreguarded, of course liability for it attaches. But the mere fact that one of several concurring causes may not have been reasonably anticipated is not enough to shield from liability him who sets in motion the other; for it is well settled that the negligence complained of need not be the sole cause of the injury. It is enough to show that it is a proximate concurring cause; that is, one that was so efficient in causation that, but for it, the injury would not have occurred."—citing 22 R. C. L. 128.

The second headnote to *Daneschocky* v. *Sieben,* 195 Mo. App. 470, 193 S. W. 966, is as follows:

"The proximate cause means the immediate cause, and ordinarily intervening negligence will break the causal connection, yet the rule is otherwise where the accident could have been foreseen by the first

wrongdoer, and hence a contractor, who placed building materials on the sidewalk beyond the curb and out into the street, so that pedestrians were compelled to walk out into the street, is, as such result could have readily been foreseen, liable for injuries by pedestrians run down by a reckless motorist."

In the course of the opinion in *Shafir* v. *Sieben*, 233 S. W. at page 422 (17 A. L. R. 637), the Supreme Court of Missouri says:

"This question of what constitutes the proximate—that is to say, the immediate and direct—cause of an actionable injury to persons or property, sounds easy in theory, but is involved in great difficulty in its application to the facts of particular cases, and has been discussed by the courts from innumerable standpoints of fact, with results that are difficult and sometimes impossible to reconcile. * * * Much legal learning has been brought to bear in arriving at different and irreconcilable conclusions upon principles involved in more or less similar conditions. Sometimes courts have held that the intervention of an independent agency in the actual infliction of the injury breaks the casual connection between the original wrong and the infliction of the injury, so that the first wrongdoer escapes liability for the indirect result of his unlawful act. The fact that the latter is sometimes negligent in the final act is often dwelt upon as a reason for this interpretation in specific cases, but it is difficult to understand this reasoning in cases where the original act was an unlawful one and actually contributed to the unfortunate result. It may be said, in such cases, that the result was an exceptional one, and not in contemplation of the first wrongdoer."

The court also, in that opinion, quotes with approval the following language from *Carterville* v *Cooke*, 129 Ill. 152, 22 N. E. 14, 4 L. R. A. 721, 16 Am. St. Rep. 248:

"If a person, while observing due care for his personal safety, be injured by the combined result of an accident [as the inadvertent or careless act of another] and the negligence of a city or village, and the injury would not have been sustained but for such negligence (of the city or village), yet, although the accident (or wrongful act of the third person) be the primary cause of the injury, if it was one which common prudence and sagacity could not have foreseen and provided against, the negligent city or village will be liable for the injury."

The sixth headnote to *Strauhal* v. *Asiatic S. S. Co.*, 48 Or. 100, 85 P. 230, is as follows:

"To make tort-feasors liable jointly, there must be some sort of community in the wrongdoing, and the injury must be in some way due to their joint work; but it is not necessary that they be acting together or in concert, if their concurring negligence occasions the injury."

The sixth headnote to *Hardware Mut. Casualty Co.* v. *Union Transfer & S. Co.*, 205 Ky. 651, 266 S. W. 362, is as follows:

"Where plaintiff automobile driver turned to left of highway to avoid collision with defendant's truck, parked on the highway without lights, and collided with furniture in defendant's other unlighted truck in returning to right side of road question of whether violation of section 2739g24, Ky. St., requiring lights was proximate cause of accident, *held* for jury."

See, also, annotator's note to *Reader* v. *Ottis*, 16 A. L. R. 465; *Sherman & Redfield*, Law of Neg. (6th Ed.) p. 317; *Rozycki* v. *Yantic Grain & Pro. Co.*, 99 Conn. 711, 122 A. 717, 37 A. L. R. 582.

Applying the rule stated in these authorities to the facts in the instant case as outlined, we are not prepared to say that the court was not justified in holding that the negligence of appellant was a concurring cause of the accident which resulted in the damage. If it be contended that reasonable minds may draw different conclusions, then the finding of the district court is binding upon us as to that issue.

Appellant has cited in support of its contention several opinions of this court. Reliance is had particularly upon the opinion in *Busse* v. *Murray Meat & Live Stock Co.*, supra. In that case the complaint charged the defendant with negligence in not furnishing an employe a safe place in which to work. The proof failed to show any acts of negligence on the part of defendant which caused or contributed to the

alleged injury. The court, in sustaining the judgment of the lower court, applied the oft-repeated rule that the plaintiff had the burden of showing, not only negligence, but that the negligence was the cause of the injury. Having failed to show that the negligence of defendant, if any, was the cause of the injury, the court upheld the ruling of the lower court in directing a nonsuit.

. Extensive quotations are likewise made from the opinion of the court in *Soule* v. *Weatherby*, 39 Utah, 580, 118 P. 833, Ann. Cas. 1913E, 75. The court in that case was considering the sufficiency of the allegations of the complaint. The complaint failed to show affirmatively that "the excavation makes the sidewalk dangerous, that signals or guards, or both, were required to warn the public, and that the abscence of such signals or guards proximately caused the injury," and it was therefore held that the complaint did not state a cause of action.

Reliance is also had upon the opinion of the court in *Edgar* v. *Railroad*, 32 Utah, 330, 90 P. 745, 11 L. R. A. (N. S.) 738, 125 Am. St. Rep. 867. The deciding element in that case was failure on the part of plaintiff to offer any proof that the negligence complained of was the result of any act of the defendant. In the instant case it is shown affirmatively that appellant's truck was at least partially upon the highway and to that extent obstructed the same. From the facts shown, the only reasonable inference is that Wessler turned his car to avoid a collision with the truck so obstructing the highway.

Some criticism is made as to the amount of damages awarded respondent, but, in our judgment, the testimony supports the court's finding in that regard.

We find no reversible error in the record.

The judgment of the trial court is therefore affirmed.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.