**CASTAY et ux. v. KATZ & BESTHOFF,**
Limited. *
No. 14298.

Court of Appeal of Louisiana. Orleans.
May 8, 1933.

Deutsch, Kerrigan & Burke, of New Orleans, for appellant.

Loys Charbonnet and E. B. Charbonnet, both of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit for damages for physical injuries resulting from a collision between two motortrucks.

The court below gave judgment for plaintiff in the sum of $618.05 and defendant has appealed.

The accident occurred at 7 p. m., March 4, 1930 (Mardi Gras Day). The plaintiff, Paul Castay, was driving his truck, with his wife, Mrs. Castay, as a passenger, along Banks street in the direction of the lake, and in obedience to a semaphore signal came to a stop at the intersection of Banks street and Jefferson Davis Parkway. While waiting for the signal light to change from red to green, plaintiff's truck was struck violently in the rear by the truck of the defendant, causing the damage for which this suit was brought.

The defendant admits that its truck hit plaintiff's truck, but denies responsibility upon the ground that it had been stolen by some unknown person just prior to the accident and was in charge of the thief at the time. The record fails to show how the accident occurred beyond the bare fact that the vehicles collided at the intersection.

The driver of defendant's truck testified that he stopped the truck across the street and abreast of the premises No. 2812 Banks street, about five city blocks from the Jefferson Davis Parkway intersection, and, leaving the engine running, crossed the neutral ground of Banks street to the address mentioned where he delivered a package of medicine to the householder, Mr. Hymel, who met him at the door; that after receiving payment of the medicine, he started down the steps of Mr. Hymel's house, when he saw his truck speedily moving along Banks street and heard the gears shift but did not see any driver; that he thereupon returned to Mr. Hymel's home, where he called the manager of defendant's branch store at Lopez and Canal streets, acquainting him with the alleged theft of the truck; that he also reported it to the police at the Tenth Precinct Police Station; that he remained in Mr. Hymel's house for the purpose indicated for about fifteen minutes and then returned to the store at Lopez and Canal streets; that when he reached the store he was informed that one of defendant's trucks had been found at the intersection of Jefferson Davis Parkway and Banks street and, thereupon, he went to that location and found the truck.

The driver is corroborated in some particulars by Mr. Hymel and in others by Mr. Viosin, the manager of defendant's branch store. Other witnesses, testifying on behalf of plaintiff, stated that they saw the accident, but nobody saw any one leaving defendant's truck, nor was there any one about the scene of the accident who claimed to be its driver or to have any control over it.

Beyond the statement of defendant's driver to the effect that he heard the shifting of the gears, there is no evidence in the record which would indicate how the truck got to the corner of Jefferson Davis Parkway and Banks street, which is about five city blocks from the point where the delivery to Mr. Hymel was made, No. 2812 Banks street. Plaintiffs contend that it is possible that the truck started of its own accord by reason of some defective mechanism due to the fact that the driver left the engine running when going across the street to make the delivery of the package. Counsel for plaintiffs also suggest that Loeb, defendant's driver, may not be telling the truth and that he might have driven the truck himself and, after the accident, hurried back to the Hymel residence. However, they say that, in any event, whether the truck started of its own accord or was driven by Loeb or by a thief the defendant is liable.

Of course, if Loeb was driving the truck there can be no doubt of defendant's responsibility, but on the record before us, it is impossible to find as a fact that he was in charge of the truck when the accident occurred.

If the truck started of its own accord, and without human intervention, it is said that defendant is liable because defendant's driver was guilty of negligence in leaving the truck unattended with the engine running, particularly on Mardi Gras evening when great numbers of people are in the streets and presumably more evilly disposed person abroad.

Without discussing at this time the question of the negligence of defendant in parking the truck with the engine running, we feel that the likelihood of its having started without shifting gears is very remote, and the probability of its having traversed five city blocks unattended and unguided is even more so. We cannot accept this theory of the occurrence.

We pass, therefore, to the more likely explanation of the accident as having been caused by a thief or intermeddler and, for the purpose of discussion of this point concede, without so deciding, that the act of the defendant's servant in parking the car with the engine running as he did was negligence. But, see Maloney v. Kaplan, 233 N. Y.

426, 135 N. E. 838, 26 A. L. R. 909. Did the negligence of defendant's driver in this respect cause the accident, or was it due to the intervening act of the intermeddler as the efficient cause? Did the action of the intermeddler break the sequence of events initiated by the primary negligence of defendant's servant so as to become the proximate cause of the accident?

In Thompson on Negligence (2d Ed.) page 55, § 52, we read:

"Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoer."

And, similarly, in Sherman & Redfield on Negligence (3d Ed.) page 10, we find the following:

"Negligence, however, may be the proximate cause of the injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible even though his negligent act was not the nearest cause in the order of time."

In Anderson v. Baltimore & Ohio R. R. Co., 74 W. Va. 17. 81 S. E. 579, 51 L. R. A. (N. S.) 888, the court said:

"Where, by the intervening negligent act of a responsible agency, the causal connection between the first negligent act and the injury is broken, the last act, in legal contemplation, is regarded as the sole cause of the injury. The proximate cause thereof is the last negligent act contributing thereto, and without which the injury would not have resulted."

In King v. Lehigh Valley R. R. Co., 245 Pa. 25, 91 A. 214, appears:

"The test of 'proximate cause' is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result is not the natural and probable consequence of the primary cause."

In Knight v. Wessler, 67 Utah, 354, 248 P. 132, 133, we find:

"The proximate cause means the immediate cause, and ordinarily intervening negligence will break the causal connection, yet the rule is otherwise where the accident could have been foreseen by the first wrongdoer, and hence a contractor, who placed building materials on the sidewalk beyond the curb and out into the street, so that pedestrians were compelled to walk out into the street, is, as such result could have readily been foreseen, liable for injuries by pedestrians run down by a reckless motorist."

Applying the principles of the authorities we have cited to the case before us, we come now to inquire into the proximate cause of the accident. As has been seen, the primary negligence of defendant's driver in leaving the car unattended with the engine running could, under certain circumstances, constitute a continuing act of negligence, and an efficient cause of an accident due to an intervening negligent act subsequent in point of time, if the ultimate consequences may be said to have been such as might reasonably have been foreseen. Was it to be expected that a thief or an intermeddler would be likely to take advantage of the running motor of defendant's truck as a facility to effect its theft?

In the case of Slater v. T. C. Baker Co., 261 Mass. 424, 158 N. E. 778, 779, a Ford roadster was negligently parked near the curb on Boylston street in New York City. A thief rode off with it and, after driving it about a mile and a half, negligently injured some one. In denying recovery the court said:

"The larceny of the automobile and its use by the thief were intervening independent acts, which the defendant was not bound to anticipate and to guard against. Jacobs v. N. Y., N. H. & H. R. R., 212 Mass. 96, 99, 98 N. E. 688, 40 L. R. A. (N. S.) 41; Horan v. [Inhabitants of] Watertown, 217 Mass. 185, 186, 104 N. E. 464."

The theft of defendant's motortruck and the negligent injury of plaintiff by the thief was, we believe, a consequence too remote to have been reasonably within the contemplation of defendant's driver when leaving the parked truck with the motor running, and the intervening act of the thief was sufficient to break the sequence of defendant's negligence so as to establish the intervening cause as the efficient one proximately causing the accident. The situation would be different if the accident had been caused by a child attracted by the running motor of defendant's truck for the reason that children—boys particularly—may reasonably be expected to experiment with machinery or other mechanism which can be set in motion. In Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302, 304, a case involving somewhat similar facts to the instant case and in which recovery was denied for the reasons stated in the opinion, the court, referring to cases involving children, said:

"Such cases differ from this in that it is a matter of common knowledge that boys are likely to experiment with the operation of any mechanism which can be set in motion, whereas it is unreasonable to suppose

that a person who has reached years of discretion will do so. * * * Berman v. Schultz (Sup.) 84 N. Y. S. 292; Lee v. Van Buren [& N. Y. Bill Posting Co.], 190 App. Div. 742, 180 N. Y. S. 295; Gumbrell v. Clausen, 199 App. Div. 778, 192 N. Y. S. 451; Squires v. Brooks, 44 App. D. C. 320."

Our conclusion, therefore, is that plaintiff should not recover.

Consequently, for the reasons herein given the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the defendant, dismissing plaintiffs' suit at their cost.

Reversed.

