## FERGUS LANE vs. ATLANTIC WORKS.

In an action to recover for personal injuries alleged to be caused by iron falling from the de-
fendants' truck while carelessly left standing in a street, the jury may consider, upon the
question of the defendants' negligence, the fact that a city ordinance forbade trucks
standing in the streets.

In an action by a child to recover for personal injuries caused by iron falling from the de-
fendants' truck, it appeared that another child, J. S., was meddling with the truck; that he
called to the plaintiff to come across the street and see him ; and that the plaintiff crossed
the street, and the iron fell on him ; the defendants requested a ruling that if the plaintiff
joined with J. S. in the common object of meddling with the truck, crossed the street on
his invitation for that purpose, and stood by to encourage and aid him, although he did
not take hold of the truck, he was a participator with J. S. The judge, after reading the
request to the jury, ruled that if the plaintiff took an active participation in the acts
of J. S., or went there as a joint actor for the purpose of encouraging him, he could not
recover ; but if he went there attracted by curiosity only, at the invitation of J. S., he
could recover, if he was in the exercise of due care. Held, that the defendants had no
ground of exception.

In an action to recover for injuries caused by the defendants' negligence, to which the fault
of another person contributed, the defendants' liability is not affected by the fact that the
fault of such person was not negligence, but voluntary wrongdoing, if it was conduct
which they should have apprehended and provided against.

TORT. The declaration was as follows : " And the plaintiff
says that the defendants carelessly left a truck, loaded with iron,
in Marion Street, a public highway in Boston, for the space of
twenty minutes and more; and the iron on said truck was so
carelessly and negligently placed that it would easily fall off;
and that the plaintiff was walking in said highway, and was law-
fully in said highway, and lawfully using said highway, and in
the exercise of due care; and said iron upon said truck was
thrown and fell therefrom upon the plaintiff in consequence of the
defendants' carelessness, and the plaintiff was severely bruised
and crippled," &c. The answer was a general denial of the plain-
tiff's allegations.

At the second trial in the Superior Court, before *Devens*, J.,
after the decision reported in 107 Mass. 104, the plaintiff intro-
duced evidence that the defendants left a truck with a bar of iron
on it standing in front of their works on Marion Street, which was
a public highway in Boston ; that the iron was not fastened, but
would easily roll off the truck ; that the plaintiff, then seven years
old, and a boy about the same age named James Conners, were

walking, between six and seven in the evening, on the side of Marion Street opposite the truck and the defendants' works; that Horace Lane, a boy twelve years old, being near the truck, called to them to come over and see him move it; that the plaintiff and Conners said they would go over and watch him do it; that they went over accordingly; that the plaintiff stood near the truck to see the wheels move, as Horace Lane took hold of the tongue of the truck; that Horace Lane moved the tongue somewhat; that the iron rolled off and injured the plaintiff's leg; and that neither the plaintiff nor Conners touched the iron or truck at all.

The plaintiff was also allowed to introduce in evidence, against the defendants' objection, an ordinance of the city of Boston prohibiting trucks or vehicles of any kind, whether loaded or unloaded, and whether with or without horses, from stopping in any street more than five minutes without some proper person to take care of the same, or more than twenty minutes in any case.

The defendants introduced evidence tending to show that the iron was fastened securely on the truck, which was drawn from the defendants' works into the street at four o'clock in the afternoon; that the boys removed the fastenings; that Horace Lane placed the boys one on each side of the truck; that he turned the tongue of the truck round; that he and Conners then took hold of the iron and rolled it off; that the plaintiff had his hands on the iron or on the truck when the iron rolled off on to him; and that the boys were engaged in the common enterprise of rolling off the iron and moving the truck. There was no evidence that Horace Lane had any lawful purpose or object in moving the truck, or any right to meddle with it.

The defendants requested the judge to give, besides other rulings, the following:

" 1. Leaving the truck in the street, in violation of a city ordinance, might subject the defendants to a fine, but this violation of the provisions of the ordinance would not of itself alone render the defendants liable civilly in this suit; but negligence must be shown, and such, and only such, as is averred in the declaration.

" 2. In order to make the plaintiff a participator or joint actor with Horace Lane, in his conduct in meddling with the truck for

an unlawful purpose, it was not necessary for him to have actually taken hold of the tongue, or the iron, or the truck, to help or aid in moving it. It is enough if he joined with him in a common object and purpose voluntarily, went across the street on his invitation for that avowed purpose, and stood by the truck to encourage and aid, by his presence, word or act, the accomplishment of that purpose.

" 3. While it is true that negligence alone on the part of Horace Lane, which contributed to the injury combining with the defendants' negligence, would not prevent a recovery, unless the plaintiff's negligence also concurred as one of the contributory causes also; yet, if the fault of Horace Lane was not negligence, but a voluntary meddling with the truck or iron, for an unlawful purpose, and wholly as a sheer trespass, and this culpable conduct was the direct cause of the injury which would not have happened otherwise, the plaintiff cannot recover."

The judge did not give the ruling requested, but gave rulings, which, so far as they are now material, were as follows :

" The city ordinance is proper to be put in evidence and to be considered by the jury upon the question of negligence, although it is not conclusive proof that the defendants were in point of fact negligent in the act of leaving the truck there. It is a matter of evidence, to be weighed with all the other evidence in the case.

" If the sole or the direct cause of the accident was the act of Horace Lane, the defendants are not responsible. If he was the culpable cause of the accident, that is to say, if the accident resulted from the fault of Horace Lane, they are not responsible. But if Horace Lane merely contributed to the accident, and if the accident resulted from the joint negligence of Horace Lane in his conduct in regard to moving the truck and the negligence of the defendants in leaving it there, where it was thus exposed, or leaving it so insecurely fastened that this particular danger might be reasonably apprehended therefrom, then the intermediate act of Horace Lane will not prevent the plaintiff from recovering, provided he himself was in the exercise of due and reasonable care. If the plaintiff himself participated in the act of Horace Lane no further than to go there and be a witness to this transaction which

Horace Lane proposed to perform, crossing over the street by his invitation, and witnessing him move this truck, that would not make him such a participator in the wrongful act of Horace Lane as to prevent his recovery, provided he himself was in the exercise of reasonable care.

"If, however, he was actually engaged in the wrongful act of Horace Lane, if he was actually engaged in disturbing this truck, and moving the fastenings which had been put upon it in order to prevent it from being disturbed, and was actively participating in the act of Horace Lane, then he cannot recover. But if the act of the plaintiff was limited to crossing the street for the purpose of witnessing the act done by Horace Lane, in answer to his invitation, and no active participation was taken by the plaintiff other than that, it would not prevent his recovery, provided he himself was in the exercise of due and reasonable care."

At the close of his charge to the jury the judge read the second ruling prayed for by the defendants, and said : "If the plaintiff took an active participation in it, as I before instructed you, or went there as a joint actor, for the purpose of encouraging Horace Lane in it, he cannot recover. If he went there attracted by curiosity only, at the invitation of the party who was about to move the truck, Horace Lane, then he may recover; provided, you are further satisfied that, in what he did, he was in the exercise of the due and reasonable care that should be expected of a person of his age."

The jury returned a verdict for the plaintiff for $6000, and the defendants alleged exceptions.

*A. A. Ranney & N. Morse*, for the defendants.

*W. G. Colburn*, for the plaintiff.

COLT, J. In actions of this description, the defendant is liable for the natural and probable consequences of his negligent act or omission. The injury must be the direct result of the misconduct charged; but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended.

The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence,

will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.

Whether in any given case the act charged was negligent, and whether the injury suffered was, within the relation of cause and effect, legally attributable to it, are questions for the jury. They present oftentimes difficult questions of fact, requiring practical knowledge and experience for their settlement, and where there is evidence to justify the verdict, it cannot be set aside as matter of law. The only question for the court is, whether the instructions given upon these points stated the true tests of liability.

Most of the instructions which were requested by the defendants as to their fault, the plaintiff's exercise of due care, and the burden of proof, were given in substance. The defendants now make only three objections:

1. The court was asked to rule that a violation of a city ordinance would not of itself alone render the defendants liable in this suit; but that negligence must be shown, and such negligence as is averred in the declaration. The jury were plainly told on this point, that the negligence charged must be proved, and that a violation of the city ordinance was not conclusive proof of it; that it was a matter of evidence to be considered with all the other evidence in the case. This was sufficiently favorable to the defendants. The city ordinance was enacted for the purpose of rendering the streets more safe and convenient for travellers. In determining whether a particular use of a street was negligent, the jury might properly consider the legitimate uses to which the streets are devoted. *Wright* v. *Malden & Melrose Railroad Co.* 4 Allen, 283.

2. The rule of law stated to the jury, as to what was necessary to make the plaintiff a participator with Horace Lane in the unlawful act of meddling with the truck or its fastenings, is not materially different from the instructions asked. The jury were first told, in substance, that if the plaintiff did no more than go across the street by Horace Lane's invitation, and witness the

transaction, he would not be a participator in the wrongful act so as to prevent a recovery; but if he actually moved the truck or its fastenings, or actively participated in the act, he could not recover. At the close of the charge, in connection with the defendants' request on this point, which was read to them, the jury were further told that if the plaintiff went there as a joint actor, for the purpose of encouraging Horace Lane, he could not recover, but might recover if he went attracted by curiosity only and by invitation of Horace Lane. The point now made is that these instructions are limited to the purpose for which he crossed the street, and do not meet a case where the plaintiff joined in the mischief after he got there, and was standing by for the purpose of aid and encouragement, ready to help if needed. But the instructions with the defendants' request, taken together, are not fairly open to this objection; the jury could not have been misled as to the true rule, and must have found that he was a mere spectator. *Brown* v. *Perkins*, 1 Allen, 89, 97. *Miller* v. *Shaw*, 4 Allen, 500.

3. The last instruction asked was rightly refused. Under the law as laid down by the court the jury must have found the defendants guilty of negligence in doing that from which injury might reasonably have been expected, and from which injury resulted; that the plaintiff was in the exercise of due care; that Horace Lane's act was not the sole, direct or culpable cause of the injury; that he did not purposely roll the iron upon the plaintiff; and that the plaintiff was not a joint actor with him in the transaction, but only a spectator. This supports the verdict. It is immaterial whether the act of Horace Lane was mere negligence or a voluntary intermeddling. It was an act which the jury have found the defendants ought to have apprehended and provided against. *McDonald* v. *Snelling*, 14 Allen, 290, 295. *Powell* v. *Deveney*, 3 Cush. 300. *Barnes* v. *Chapin*, 4 Allen, 444. *Tutein* v. *Hurley*, 98 Mass. 211. *Dixon* v. *Bell*, 5 M. & S. 198. *Mangan* v. *Atherton*, L. R. 1 Ex. 239. *Illidge* v. *Goodwin*, 5 C. & P. 190. *Burrows* v. *March Gas Co.* L. R. 5 Ex. 67, 71. *Hughes* v. *Macfie*, 2 H. & C. 744. *Exceptions overruled.*