RACHEL GLASSEY *vs.* WORCESTER CONSOLIDATED STREET
RAILWAY COMPANY.

ANDREW J. GLASSEY *vs.* SAME.

Worcester.   September 29, 1903. — March 31, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Proximate cause.

If a street railway company leaves a large reel, which has been used for holding
wire, lying on its side in a secure position on the grass within the limits of a
highway but outside of the travelled portion, thus violating a town by-law, and
children, passing along the street on their way to school, take the reel from the
place where it has been left and roll it down the street so that it strikes a carriage,
throwing out and injuring a woman, the railway company is not liable for the
injuries thus caused, because, assuming that leaving the reel in the highway is
evidence of negligence, such negligence is the remote and not the direct and
proximate cause of the injury.

MORTON, J.   These two cases were tried and have been
argued together.   At the close of the plaintiffs' evidence in the
Superior Court the presiding judge ruled at the defendant's
request that the plaintiffs could not recover and directed ver-
dicts for the defendant.   The cases are here on exceptions by
the plaintiffs to these rulings.

The case of the plaintiff Rachel, who is a married woman, is
for injuries alleged to have been received by her in consequence
of the negligence of the defendant in leaving a large reel by
the side of or in Cameron Street in Clinton, which some boys
rolled down the street and which struck the carriage in which
the plaintiff was driving and threw her out and caused the
injuries complained of.   The other action is by the husband for
the loss of consortium and the expenses incurred by him because
of the injuries to his wife.

The evidence would have warranted a finding, and for the
purposes of these cases we assume that such was the fact, that
the reel belonged to the defendant and had had feed wire upon
it which had been strung upon its poles by persons in its
employ.   But it is not clear whether the reel was left on a
vacant piece of land just outside the limits of the highway, or

GLASSEY v. WORCESTER, &c. STREET RAILWAY. [185

whether it was left within the location of the highway. We assume as most favorable to the plaintiffs that it was left within the limits of the highway. The uncontradicted testimony shows, however, that it was left outside the travelled portion of the highway lying on its side in the grass in a secure position. The plaintiffs introduced in evidence a by-law of the town forbidding persons to leave obstructions of any kind in the highway without a written license from the road commissioners or other board having charge of the streets, and they contend that, if the reel was left within the location of the highway when forbidden by the by-law, that of itself constituted such negligence as renders the defendant liable. But the most, we think, that can be said of this contention is that the leaving of the reel within the limits of the highway was evidence of negligence, not that in and of itself it rendered the defendant liable or should be held as matter of law to have contributed directly to the accident. *Hanlon* v. *South Boston Horse Railroad*, 129 Mass. 310. The question is whether in leaving the reel lying on its side in the grass near the road the defendant ought reasonably to have anticipated that children passing along the street on their way to school, or for other purposes, would take it from the place where it had been left, and engage in rolling it up and down the street, and that travellers on the highway would thereby be injured. The question is not whether a high degree of caution ought to have led the defendant to anticipate that such a thing might possibly occur, but whether it ought reasonably to have been expected to happen in the ordinary course of events. In the former case the defendant would not be liable, and in the latter it might be held liable, nothwithstanding an active human agency had intervened between the original wrongful act and the injury. The case of *Stone* v. *Boston & Albany Railroad*, 171 Mass. 536, furnishes an illustration of the former class of cases, and the case of *Lane* v. *Atlantic Works*, 111 Mass. 136, of the latter.

It is clear that the plaintiff Rachel was in the exercise of due care. But assuming that the reel was left in the highway and that that was some evidence of negligence, we think that such negligence was the remote and not the direct and proximate cause of the plaintiff Rachel's injury. The material facts

with the inferences to be drawn from them are not in dispute, and in such a case the question of remote or proximate cause is one of law for the court.  *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536, 543.  *McDonald* v. *Snelling,* 14 Allen, 290, 299. *Hobbs* v. *London & Southwestern Railway,* L. R. 10 Q. B. 111, 122.  The defendant's servants left the reel in a secure position lying on its side in the grass outside the travelled part of the street, and not in immediate proximity to it.  As the reel was left it was entirely safe.  It was not possible for a slight or accidental movement to set it in motion so as to injure others, as in the case of *Lane* v. *Atlantic Works, ubi supra.*  The reel was large and cumbersome and required active effort on the part of a number of children to move it, from the place where it had been left, on to the travelled part of the highway, and set it in motion.  And in order to injure the plaintiff or any other traveller on the highway it was necessary that it should be set in motion at a time when the plaintiff or other travellers were passing along the highway.  In other words, in order to render the defendant liable, it must appear, not only that it should have anticipated that in the ordinary course of events school children would take the reel from the position where it had been securely left outside the travelled part of the road, but that they would set it in motion on the highway under such circumstances that it was liable to injure a traveller thereon.  It seems to us that, conceding that there was evidence of negligence on the part of the defendant in leaving the reel where its servants did, they could not be required to anticipate that this would happen in the ordinary course of events, and, therefore, that the negligence was too remote.  See *Speake* v. *Hughes,* [1904] 1 K. B. 138.

*Exceptions overruled.*

*A. P. Rugg,* ( *C. W. Saunders* with him,) for the plaintiffs.
*C. C. Milton,* ( *C. Bullock* with him,) for the defendant.