EMELINE A. JACOBS, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Plymouth.    March 12, 13, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Dangerous explosive, Proximate cause.

In an action by an administrator against a railroad corporation for the suffering and death of the plaintiff's intestate, a boy fifteen years of age, caused by the explosion of a railroad signal torpedo which was the property of the defendant, it could have been found that, while the plaintiff and other boys were lawfully at a station of the defendant, a train came into the station carrying in the baggage car a signal torpedo which through the negligence of the defendant's baggage master was allowed to fall upon the platform of the station, where it was picked up and carried away by one of the companions of the intestate, and that about ten days later when the same boys were trying to open the torpedo the intestate put it on a stone and struck it with his foot and the explosion occurred which caused his injuries and death. *Held,* that the defendant was not bound reasonably to anticipate the carrying away of the torpedo by one of the intestate's companions, and that the subsequent explosion could not be found to have been caused by the negligence of the defendant or of its baggage master.

TORT by the administratrix of the estate of Stephen Otis Jacobs, junior, for the suffering and death of the plaintiff's intestate, a boy fifteen years of age, caused by the explosion of a railroad torpedo belonging to the defendant. The plaintiff's substituted declaration contained two counts, the first at common law for the conscious suffering of the plaintiff's intestate alleged to have been caused by the negligence of the defendant, its agents and servants in permitting the torpedo to come into the hands of the intestate, knowing that it was a dangerous explosive and unmarked in any way to indicate its character, and the second count under St. 1906, c. 463, Part I, § 63, for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant or by the unfitness or gross negligence of its servants or agents while engaged in its business. Writ dated March 12, 1908.

In the Superior Court the case was tried before *Dubuque,* J. Facts which could have been found upon the evidence are stated in the opinion. The explosion occurred on March 31, 1907, and

the plaintiff's intestate died on April 9, 1907. There was evidence that on March 22, 1907, the intestate with other boys was waiting about the defendant's station at Rockland for the purpose of seeing off some high school scholars who were going to Washington, that while they were there a train stopped at the station and the baggage master upon it put off a piece of baggage and that when he did so the torpedo, which was described as a tin disk wholly unmarked, fell to the platform, that one Turner, one of the intestate's companions, who was between nine and ten years of age, picked up the torpedo and put it in his pocket, that after the train had gone Turner showed the disk to the other boys, that by shaking it they could hear something rattle and they tried to open it with their knives to find out what was inside, that on the following Sunday, March 24, the boys were together and Turner found the disk in his pocket and produced it and the boys again tried to open it but without success, that on the Sunday after, which was March 31, the same boys were together after Sunday school, that Turner again found the disk in his pocket and the boys again tried to open it, and that finally Turner gave the disk to the plaintiff's intestate who put it on a stone and struck it with his right foot, when the explosion occurred. There was evidence that none of the boys knew that the disk was of a dangerous character.

At the close of the evidence, the defendant asked the judge to rule that upon the evidence the plaintiff was not entitled to recover either upon the first or the second count of her substituted declaration. The judge ordered a verdict for the defendant on each of the counts, and reported the case for determination by this court, with a stipulation of the parties which has become immaterial.

*A. T. Smith,* for the plaintiff.

*F. W. Knowlton,* (*R. B. Hull* with him,) for the defendant.

BRALEY, J. The injuries to the plaintiff's intestate which resulted in his death after a period of conscious suffering, were caused by the explosion of a railroad signal torpedo, the property of the defendant. It may be assumed, that the jury would have been warranted in finding upon the evidence the following facts: In the management of its business as a carrier of passengers, trains were provided with torpedoes, which whenever necessary were to be used by the flagman on the train ahead, to warn trains approach-

ing from the rear, that a preceding train not very far distant was passing over the same track. The warning consisted in the noise of the explosion, as the on-coming train struck the torpedo, which the flagman affixed to the rail by straps forming a part of the apparatus. To be effective, not only the torpedo must be exploded by contact with the train, but the detonation must be sufficiently great to attract the attention of trainmen. The jury properly could infer from these circumstances, and from the testimony of the plaintiff's expert as to the character of the composition with which it was charged, as well as from the rule promulgated by the company, which was introduced in evidence, that the defendant knew, or by the use of due diligence should have known, that the torpedo contained a highly explosive compound. If exploded without proper precautions, or under extraneous conditions, pieces of the shell or case might fly with such force in various directions as to endanger the safety of persons in the vicinity. The use of a dangerous agency of this nature, which must be classed with gunpowder, and explosives like nitroglycerine, and dynamite in its various forms, while lawful, imposed upon the defendant the duty of taking every proper precaution to prevent personal injury to those lawfully upon the company's premises from explosions which might be precipitated through the carelessness of its servants. *Derry* v. *Flitner*, 118 Mass. 131. *Oulighan* v. *Butler*, 189 Mass. 287, 292. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231.

The inquiry, accordingly, is whether the injury in question reasonably should have been anticipated by the defendant. *Obertoni* v. *Boston & Maine Railroad*, 186 Mass. 481. The train which came into the station where the intestate, a boy of fifteen years of age, and his young companions were waiting for the departure of friends, carried in the baggage car a torpedo to be used as a signal, which the jury could find was carelessly ejected by the defendant's baggage master and fell within the railroad location. The evidence having warranted a finding, that the intestate was not a trespasser, it would follow that, if from the impact of the fall or from the innocent intermeddling of bystanders whose presence might have been anticipated an explosion had followed, injuring him, the company as matter of law would not have been exonerated. *Lucas* v. *New Bedford & Taunton Railroad*, 6 Gray,

64. *Bradford* v. *Boston & Maine Railroad*, 160 Mass. 392. *Mc-Kone* v. *Michigan Central Railroad*, 51 Mich. 601. *Illinois Central Railroad* v. *Hammer*, 72 Ill. 347. *Lane* v. *Atlantic Works*, 111 Mass. 136.

But the defendant was not bound to foresee, that one of the intestate's companions actuated doubtless by a boy's impulse and curiosity in which apparently the intestate shared, to possess and explode the torpedo, would remove it almost immediately from the premises, and that after the lapse of ten days the experiment would be tried in the vicinity of their homes, and the intestate, who participated, would be fatally injured by the explosion. *Denny* v. *New York Central Railroad*, 13 Gray, 481. *Quigley* v. *Clough*, 173 Mass. 429, 430. *Smith* v. *Peach*, 200 Mass. 504. *McDowall* v. *Great Western Railroad*, [1903] 2 K. B. 331. The accident is deplorable, but the wrongful asportation, which brought the intestate in contact with the exploding torpedo occasioned the mischief, and distinguishes the case at bar from *Lane* v. *Atlantic Works*, 111 Mass. 136, and the doctrine stated in *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341, 344. The injury not having been caused by its negligence, the presiding judge correctly ruled, that there could be no recovery under either count, and in accordance with the terms of the report judgment must be entered for the defendant on the verdicts.

*So ordered.*