HAROLD HORAN *vs.* INHABITANTS OF WATERTOWN.

Middlesex.    January 15, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* In keeping explosives, Proximate cause.  *Municipal Corporations.*

A town is not liable for personal injuries caused by the explosion of dynamite, thrown in play upon a bonfire built in a field adjacent to a highway by boys who had procured the dynamite from a tool chest which employees in the town's sewer department had left unwatched and unguarded on the highway and in which they negligently had left the dynamite.

TORT for personal injuries caused by an explosion of dynamite by reason of alleged "negligence of the defendant in the manner and method of using, keeping and storing" it.  Writ dated December 13, 1911.

In the Superior Court the case was tried before *Keating,* J.  It appeared that the plaintiff, who was seven years of age, and companions of ages ranging from seven to fourteen years, were playing in an open field near a highway upon which was an old tool chest used by employees in the sewer department of the defendant.  In this chest the employees, at the close of their work at eleven o'clock in the morning of Saturday, December 2, 1911, had placed sticks of dynamite in violation of regulations established by the detective and fire inspection department of the district police, which were adopted in accordance with St. 1904, c. 370, as amended by St. 1905, c. 280, and by St. 1908, c. 502. Access to the tool chest was possible without a key.  There was no watchman guarding the dynamite or the chest.  Companions of the plaintiff got sticks of dynamite out of the tool chest and threw them upon a bonfire that they had built in the field, and the plaintiff, who with other boys was standing about the fire, was badly burned from an explosion of the dynamite.

At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*F. J. Carney,* for the plaintiff.

*W. E. Monk,* for the defendant.

SHELDON, J.   It may be assumed, especially in view of the regulations as to the storage and keeping of dynamite which were in evidence, that there was evidence of negligence on the part of the defendant, in leaving within the limits of a public way dynamite placed in what could be found to have been an improper and insecure box. If we assume also that the plaintiff could be found to have been exercising that degree of care which was to be expected from one of his tender years, we come to the question whether the negligence of the defendant could be found to be the proximate cause of the accident which happened, or whether the intervening conduct of the boys who unlawfully took the dynamite from the box and used it for the amusement of themselves and their companions prevented such a finding.

The rule applicable to such cases is well settled by our decisions. Where as here the original negligence of the defendant is followed by the independent act of third persons which directly results in injurious consequences to the plaintiff, the defendant's earlier negligence may be found to be the direct and proximate cause of those injurious consequences, if according to human experience and in the natural and ordinary course of events the defendant ought to have seen that the intervening act was likely to happen. But if this is not the case, if the intervening act which was the immediate cause of the injury complained of was one which it was not incumbent upon the defendant to have anticipated as reasonably likely to happen, even though a high degree of caution would have shown him that it was possible, then he owed no duty to the plaintiff to anticipate such further acts, the chain of causation is broken and the original negligence cannot be said to have been the proximate cause of the final injury. *Lane* v. *Atlantic Works,* 111 Mass. 136. *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536. *Glassey* v. *Worcester Consolidated Street Railway,* 185 Mass. 315. *Jacobs* v. *New York, New Haven, & Hartford Railroad,* 212 Mass. 96. In these cases the earlier decisions are so fully cited that we need not refer to them.

Tested by this rule, the plaintiff's case fails. While the dyna-

mite and the other contents of the box were left in such a way that a thief might not find it very difficult to steal them, it cannot be said that the defendant was bound to anticipate that this might be done and to guard against the consequences that might follow if a thief should steal the dynamite and so use it as to do injury to others. The general presumption of innocence would be inconsistent with this. Still less was there reason to anticipate a series of thefts under the circumstances shown here, or to believe that such thefts would be committed in daylight, upon what seems to have been a pleasant Saturday afternoon, in so public a place. There is nothing to indicate that anything of the kind had ever been done before. We see no reason why the defendant should be held bound to have anticipated that at such a place and at such a time a gathering of boys, after some of them had stolen the dynamite, should engage in the dangerous sport which is shown by the testimony.

In our opinion, this case does not come within the doctrine of *Lane* v. *Atlantic Works, ubi supra,* but is governed by the rules stated in the other cases above referred to.

The question of remoteness upon which this case turns was not presented or considered in *Obertoni* v. *Boston & Maine Railroad,* 186 Mass. 481, *Kinney* v. *Koopman,* 116 Ala. 310, *Rudder* v. *Koopman,* 116 Ala. 332, or *Rhodes* v. *Dunbar,* 57 Penn. St. 274, 290. The facts appearing in *Olson* v. *Gill Home Investment Co.* 58 Wash. 151, *Powers* v. *Harlow,* 53 Mich. 507, and *Harriman* v. *Pittsburgh, Cincinnati & St. Louis Railway,* 45 Ohio St. 11, differ from those presented by this report. We need not consider how far we should be disposed to follow some of those decisions if similar facts should be shown in any case.

The judge rightly directed a verdict for the defendant, and judgment must be entered thereon.

*So ordered.*