### ERNEST TEASDALE *vs.* BEACON OIL COMPANY.

Bristol.    October 23, 1928. — January 18, 1929.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Of proprietor of gasoline station, Proximate cause.  *Joint Tortfeasors.*

At the trial of an action of tort for personal injuries against the proprietor of a gasoline station, there was evidence that the plaintiff was sitting on the rear seat of an automobile which was driven up to the defendant's station, where the driver asked for gasoline; that the attendant of the station then put the nozzle of the gasoline hose into the tank of the automobile, which was under the front seat, and, going over to the pump, gave the handle a "quick jerk," whereupon the hose "flopped out" of the tank and gasoline was spilled in the automobile and on the plaintiff's clothes; that the attendant completed filling the tank; that its cover and the seat were replaced and the attendant went away; that the operator turned on the ignition switch and started to crank the engine, whereupon flames burst forth in the automobile, causing the plaintiff to be burned; that the driver had

been working on the ignition system of the automobile that day and had removed the cover of the coil box and left it off; and that at any time when the automobile was cranked, there would be a spark in the coil box. *Held*, that

(1) A finding of negligence on the part of the defendant's attendant in giving the handle of the pump a "quick jerk" was warranted;

(2) Even though the accident would not have occurred without the intervening act of the driver in cranking the engine with the coil box uncovered, it could not properly have been ruled that the conduct of the attendant was a remote and not a proximate cause of the injury sustained by the plaintiff. Distinguishing *Stone* v. *Boston & Albany Railroad*, 171 Mass. 536.

TORT for personal injuries. Writ dated November 8, 1926.

Material evidence at the trial in the Superior Court before *Greenhalge*, J., is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in its favor. The jury found for the plaintiff in the sum of $1,600, the judge having reserved leave under G. L. c. 231, § 120, to enter a verdict for the defendant. A subsequent motion that a verdict be so entered was denied. The defendant alleged exceptions.

*W. I. Badger*, for the defendant.

*M. I. Howarth*, for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff through the alleged negligence of an employee of the defendant.

The evidence introduced by the plaintiff was that on the morning of July 1, 1925, he was sitting on the rear seat in an automobile operated by one Barrows, on his way to work; that they drove up to a gasoline station of the defendant, and Barrows asked the attendant for some gasoline; that the gasoline tank in the automobile was under the front seat; that the cover of the seat was removed, the cap of the tank unscrewed, and the defendant's attendant put the nozzle of the gasoline hose into the tank and then went to the pump and gave the handle "a quick jerk"; that immediately the nozzle came out of the tank spilling a gallon or more of gasoline over the car and all over the plaintiff's clothes; that he "was saturated from the neck down." Barrows testified that the attendant gave the handle of the pump "one quick jerk around," and the hose "flopped out. It

pushed it right out; it shot to the right." There was also evidence that afterwards the hose was replaced, the tank was filled by the attendant, the cap was screwed on, and the seat cover replaced; that Barrows paid the attendant, who went into a building to make change, and Barrows got out of the car and received his change and the attendant went to some other part of the premises; that Barrows then turned on the ignition switch, went to the front of the car and started to crank the engine; that as soon as he did so flames burst forth in the automobile causing the plaintiff to be severely burned. Barrows testified that he had had trouble with the ignition that morning and had been working on it; that previous to the accident he had removed the cover of the coil box and left it off; that any time when the automobile was cranked there would be a spark in the coil box and if the cover was off the spark was exposed.

The foregoing was the substance of the testimony offered by the plaintiff; at its conclusion the defendant filed a motion for a directed verdict, which was denied, and the defendant excepted. No question of due care on the part of the plaintiff is raised, the only issue being, whether the plaintiff's injuries were due to negligence of the defendant's servant or agent.

In an action of this kind the defendant is liable for the natural and probable consequences of his negligent act or omission. "The injury must be the direct result of the misconduct charged; but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended. The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury." *Lane* v. *Atlantic Works*, 111 Mass. 136, 139, 140. The act of the defendant's employee in giving the handle of the pump "a quick jerk" thereby throwing the nozzle of the hose out of the tank and covering the plaintiff with gasoline, might well be found to have been an act of negligence. While there is no evidence that the

defendant's employee knew that the cover of the coil box had been left off by Barrows, it is a matter of common knowledge that gasoline is highly inflammable and that its contact with a spark is liable to result in serious consequences.

Although the accident would not have happened without the negligence of Barrows, the plaintiff was entitled to have the issue found in his favor and to hold the defendant liable, if it appeared that the fire would not have occurred but for the negligence of the defendant, that each of these different acts of negligence was a proximate cause of the plaintiff's injuries, and that such injuries were directly due to two causes and not merely to the negligence of Barrows. *Burke v. Hodges*, 217 Mass. 182, 184, 185. Even if the accident could not have happened but for the negligence of Barrows, if his act ought reasonably to have been anticipated and guarded against, the act of spilling the gasoline could be found to have caused the accident although the precise manner in which it occurred could not have been foreseen. *Hill v. Winsor*, 118 Mass. 251. *Sponatski's Case*, 220 Mass. 526, 531. *Leahy v. Standard Oil Co. of New York*, 224 Mass. 352. *Dalton v. Great Atlantic & Pacific Tea Co.* 241 Mass. 400, and cases cited.

As it could not rightly have been ruled that upon all the evidence the defendant's negligence was not the proximate cause of the resulting injury, but was remote, the case was properly submitted to the jury. *Lane v. Atlantic Works, supra. Burke v. Hodges, supra*, and cases cited.

It is the contention of the defendant that the present case is governed by the decision in *Stone v. Boston & Albany Railroad*, 171 Mass. 536. The facts in that case distinguish it from the case at bar as do also those in *Horan v. Watertown*, 217 Mass. 185. The reasons are set out at length in *Leahy v. Standard Oil Co. of New York, supra*, and need not be repeated.

*Exceptions overruled.*