TADIUS PUDLO *vs.* ANDREW DUBIEL & another.

Hampden. October 8, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* Sale of ammunition to minor, Violation of statute, Contributory, Of child, Of person in charge of child. *Proximate Cause.*

At the trial of an action of tort for personal injuries alleged to have been received by a boy eleven years and three months of age as a result of a sale to him by the defendant of " B. B. shot," there was evidence that the boy, without the knowledge of his parents, possessed an air rifle; that he bought the shot of the defendant; that he knew how to handle the rifle; that a companion asked for it and he handed it to him, not knowing or not remembering that it then was loaded; that he knew the danger of turning it over to a boy when it was loaded; that the other boy, not knowing that the rifle was loaded, aimed it at the plaintiff and discharged it, and the plaintiff was injured. The judge denied a motion that a verdict be ordered for the defendant. There was a

verdict for the plaintiff and the defendant alleged exceptions. *Held*, that

(1) The violation by the defendant of G. L. c. 140, § 130, in the amended form appearing in St. 1927, c. 172, was evidence of negligence on his part;

(2) A finding was warranted that the plaintiff was in the exercise of that degree of care which is to be expected from a boy of his years;

(3) There was no evidence to show that the plaintiff's parents were guilty of negligence without which he could not have been injured;

(4) In the circumstances, a finding was warranted that the independent act of the plaintiff's companion ought to have been foreseen by the defendant as likely to happen as a result of his violation of the statute; and a finding therefore was warranted that the defendant's negligence was a proximate cause of the plaintiff's injury;

(5) The fact that the statute merely imposes a penalty for its violation does not prevent its violation being found to be an act of negligence.

TORT. Writ dated May 3, 1928.

In the Superior Court, the action was tried before *T. J. Hammond*, J. Material evidence is described in the opinion. The judge denied a motion that a verdict be ordered for the defendants. There was a verdict for the plaintiff in the sum of $1,250. The defendants alleged exceptions.

G. L. c. 140, § 130, in the amended form appearing in St. 1927, c. 172, is as follows:

"Whoever sells or furnishes to a minor under the age of fifteen or to an unnaturalized foreign-born person any firearm, air gun or other dangerous weapon or ammunition therefor, or whoever sells or furnishes to any minor fifteen years of age or over who does not possess and display a license then in force to carry a pistol or revolver issued to him under section one hundred and thirty-one ammunition for any firearm as defined in section one hundred and twenty-one, shall, except as provided by section one hundred and twenty-eight, be punished by a fine of not less than one hundred nor more than five hundred dollars; but instructors and teachers may furnish military weapons to pupils for instruction and drill."

The case was submitted on briefs.

*O. O. Lamontagne*, for the defendant.

*R. P. Stapleton, E. J. Stapleton, & C. J. Feriole*, for the plaintiff.

CROSBY, J. This is an action of tort, by a boy under fifteen years of age, to recover damages for the loss of an eye as the result of a sale to him, by the defendants, of "B. B. shot." The shot was used in an air rifle belonging to the plaintiff, and lent by him to another boy.

There was evidence tending to show that at the time of the sale the plaintiff was about eleven years and three months old. He found a discarded air rifle, which his older brother repaired, and he concealed it in the cellar of his home without the knowledge of his parents. A few days later he went to the defendants' store and asked the defendant Dubiel for "B. B. shot" for his air rifle. Dubiel sold him a package containing one hundred or more shots, fifty or seventy-five of which the plaintiff used shooting at bottles. He knew how to handle the rifle, and on the following day he went to a park and was there asked by a boy to let him take it. This request was complied with. The plaintiff did not know the rifle was loaded at that time; he did not remember loading it but "very likely it was loaded." He testified that he did not know of the danger of turning it over to a boy when it was loaded, but upon cross-examination he admitted he knew there was danger in so doing. There was further evidence that the other boy, not knowing that the rifle was loaded, aimed it at the plaintiff and discharged it. The plaintiff immediately thereafter felt an acute pain in his eye, and the eye was subsequently removed. Neither of the parents of the plaintiff knew that he had the rifle or the shot. There was evidence that the defendants were engaged in the hardware business and sold air rifles and "B. B. shot," and that they sold such shot for ammunition for rifles and for other purposes. At the conclusion of the evidence the defendants requested that a verdict be directed in their favor; this was denied, subject to their exception.

The act of the defendant Dubiel in selling shot to the plaintiff for use in the air gun was in direct violation of G. L. c. 140, § 130, as amended by St. 1922, c. 485, § 8, and St. 1927, c. 172. Such violation was evidence of

negligence of the defendants. The jury were warranted in finding that the plaintiff was in the exercise of that degree of care which is to be expected from a boy of his years. There was no evidence to show that his parents were guilty of negligence without which he could not have been injured. *Plumley* v. *Birge,* 124 Mass. 57. *Horan* v. *Watertown,* 217 Mass. 185, 186.

The question remains, whether the negligence of the defendants in selling the shot to the plaintiff could be found to have been the proximate cause of his injury, or whether the intervening conduct of the boy who borrowed the rifle and discharged it prevented such a finding. As was said by Sheldon, J. in *Horan* v. *Watertown, supra,* at page 186, " The rule . . . is well settled by our decisions. Where as here the original negligence of the defendant is followed by the independent act of third persons which directly results in injurious consequences to the plaintiff, the defendant's earlier negligence may be found to be the direct and proximate cause of those injurious consequences, if according to human experience and in the natural and ordinary course of events the defendant ought to have seen that the intervening act was likely to happen." This rule is applicable to the present case. The jury could have found that, apart from the prohibition in the statute, the defendants were negligent in selling to a boy eleven years of age articles of so dangerous a character, and that the loan of the gun to the other boy and the serious consequences which followed ought to have been foreseen and guarded against. It could have been found that there was a causal connection between the negligence of the defendants and the plaintiff's injury which was not broken by lending the rifle to the other boy and the discharge of it by him. The act of the other boy was not the sole cause of the injury. He did not know that the rifle was loaded and he did not intend to injure the plaintiff. If his act was negligent, it was an act which the jury could have found the defendants should have apprehended and guarded against. It follows that the defendants might be found liable for the natural con-

sequences that followed from their negligence. *Lane* v. *Atlantic Works,* 111 Mass. 136. *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536. *Glassey* v. *Worcester Consolidated Street Railway,* 185 Mass. 315. *Horan* v. *Watertown, supra. Sousa* v. *Irome,* 219 Mass. 273, 276. *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352, and cases collected at page 360. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400. *Gudziewski* v. *Stemplesky,* 263 Mass. 103. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 517, 518.

It is the contention of the defendants that, upon this record, even if they violated the statute, an action for negligence cannot be maintained. They further contend that, as the statute merely imposes a penalty for its violation, but does not expressly provide a civil remedy, this action cannot be maintained. These contentions are without merit. Apart from the statute the plaintiff is entitled to recover if the evidence is sufficient to warrant a finding that he was in the exercise of due care and that negligence of the defendants was the direct and proximate cause of his injury. It is not to be inferred that because the statute merely provides a penalty for its violation the common law rights of parties were thereby abrogated or impaired. No one of the cases cited by the defendants is relevant to the above contentions. In the case at bar the effect of the statute is that its violation is evidence of negligence of the defendants as to all consequences which the statute was intended to prevent. *Bourne* v. *Whitman,* 209 Mass. 155, 167. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489. *Todd* v. *Traders & Mechanics Ins. Co.* 230 Mass. 595, 598.

As a verdict could not rightly have been directed for the defendants, the entry must be

*Exceptions overruled.*
*Judgment on the verdict.*