ANTHONY GERACI *vs.* A. G. TOMASELLO & SON, INC.

JAMES GERACI *vs.* SAME.

BENEDETTO GERACI *vs.* SAME.

ANTONIO PASCUCCI *vs.* SAME.

SEBASTIAN VASAPOLLI *vs.* SAME.

Suffolk.    January 7, 1936. — February 26, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, In use of inflammable materials, Of one owning or controlling real estate. *Proximate Cause.*

Evidence that the owner of premises allowed oil or gasoline to accumulate around and under a large steel barrel of gasoline, that the oil or gasoline took fire from a cause not shown and heated the barrel and that the gasoline therein exploded, warranted a finding that the owner was negligent in allowing the oil or gasoline so to accumulate and that his negligence was the proximate cause of the explosion.

FIVE ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated March 16, 23, and 28, 1933.

The actions were heard in the Municipal Court by *Carr*, J., who found for the plaintiffs in the sums, respectively, of $211.40, $211.40, $317.10, $211.40, and $211.40, and reported the actions to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*W. G. Reed*, for the defendant.

*W. S. Kinney*, for the plaintiffs.

CROSBY, J. These five actions of tort were tried together. The plaintiffs seek to recover for personal injuries alleged to have been received by them through negligence of the defendant, by reason of a fire and explosion on premises controlled by the defendant, while they were on the sidewalks of adjoining streets.

There was evidence that the premises consisted of a large open space; that about one hundred feet from the street line the defendant kept a steel barrel for the storage

of gasoline, with a capacity of and containing about fifty gallons; that the barrel lay on its side on a wooden platform, and was about twenty-five or thirty feet from a shanty maintained on the premises for the use of the defendant's employees; that it had a "lockable" faucet at the head for drawing gasoline; that the keys of this faucet were kept in the shanty, which was not locked, and that the foreman and anyone working on gas engines had right of access to the keys. There was also evidence that the defendant kept a watchman on the premises, and that after he had been around the premises he would stop at the shanty; that within ten minutes before the breaking out of the fire he had been near the barrel; that it was getting dark, there were children running around the lot, and at the time the fire started "the watchman was chasing children off the lot"; that he did not know what caused the fire; that he was fifty feet away when it broke out; that he supposed it was oil that was burning, or it might have been gasoline; that the fire was around and under the barrel; that it burned fifteen minutes before the explosion came, and then the barrel and burning substance went up into the air. There was evidence from the district fire chief that he was within four feet of the burning oil; that it seemed to him that waste oil had collected there for some time; that he could not say if it was gasoline or oil; that when he arrived the blaze was under the barrel and toward the front under the faucet; that it was slowly burning, running up three or four feet around the barrel; that there was an explosion and the barrel was lifted fifteen feet, and gasoline went up straight and spread fifteen feet and dropped back; that he did not see the burning part scatter more than thirty or forty feet; and that the fire heated the tank, the gas expanded and broke open the barrel. Pictures introduced in evidence showed the land around the premises to be closely built up with apartment houses.

At the close of the evidence the defendant requested a ruling in each case that "Upon all the evidence the defendant was not negligent." The judge made the following

memoranda: "There was no evidence that any act of nature such as lightning caused the fire or of spontaneous combustion. There was no evidence that the fire was set by anyone in the commission of a crime. . . . I find that the defendant was negligent in allowing waste oil or gasoline to collect and remain around the barrel of gasoline. . . . Whether the fire was caused by the voluntary or negligent act of employees of the defendant, or of third persons, I find that the causal connection between the original negligence and the accident was not broken . . . ." The report contains all the evidence material to the question reported. The defendant claiming to be aggrieved by the refusal to rule as requested, the case was reported to the Appellate Division, which dismissed the report.

The request of the defendant that "Upon all the evidence the defendant was not negligent" was not properly phrased to express a request for a ruling of law. Its form imports that it is a request for a finding of fact. *Castano* v. *Leone*, 278 Mass. 429, 430–431.

There was evidence that when the plaintiffs were on the sidewalks of streets adjoining the premises of the defendant they were injured as the result of burning substances which came from the defendant's premises. The only question of law presented is whether their injuries could have been found to be the result of negligence of the defendant. The testimony of the district fire chief in substance was that he was within four feet of the burning oil, and it seemed to him that waste oil or gasoline had been collecting under the barrel for some time. In view of the inflammable character of gasoline and oil, we are of opinion that to allow it to accumulate on the ground under and toward the front of the barrel could be found to have been negligence on the part of the defendant or its servants or agents. Although there is no evidence as to how the fire started, it could have been found that but for the negligent accumulation of oil and gasoline the fire would not have occurred; and that in the exercise of due care the defendant should have foreseen that to allow this waste oil or gasoline to collect and remain there for some time was a fire menace which rea-

sonably might have been anticipated. In other words it could have been found that the fire resulted from the negligent accumulation of oil or gasoline under and in front of the barrel. The case is governed in principle by what was decided in *Pudlo* v. *Dubiel,* 273 Mass. 172, and cases cited. The cases of *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536, *Harrington* v. *Border City Manuf. Co.* 240 Mass. 170, and *Dwyer* v. *Edison Electric Illuminating Co.* 273 Mass. 234, are distinguishable in their facts from the case at bar. The case of *Stone* v. *Boston & Albany Railroad* holds that the defendant was negligent in storing oil on the platform of its freight house, but was not liable for the loss of adjacent buildings by fire caused by the careless act of a person not in its employ which ignited the oil and caused it to spread to the adjacent buildings. The decision in that case is not in conflict with what is here decided.

In each case the entry will be

*Order dismissing report affirmed.*