Mason, J.
This is an action of tort by which the plaintiff seeks to recover for property damage to certain rugs in his home incurred as a result of the negligence of the defendant in the operation of a motor vehicle on a public highway.
The answer is a general denial and a plea of contributory negligence.
The Trial Court found for the plaintiff and assessed damages in the sum of sixty-five dollars. The Trial Court made no written finding of facts, and, in violation of the Rules of the District Courts, made no written statement of his action upon the defendant’s requests for rulings. This was in legal effect a denial of such requests.
*130 However, there is what appears to be a full recital of the evidence, which is undisputed. This evidence tends to show that the defendant was driving an automobile on a public street; that he ran into a parked car; that one Collins, a passenger in the defendant’s car, was thereby thrown out and rendered unconscious; that Collins while unconscious was picked up by some of the bystanders and was carried into the plaintiff’s house and placed upon a rug; that Collins was bleeding, and that his blood damaged the plaintiff’s rug; that the plaintiff had gone out to see what was happening, but took no part in bringing Collins into the house or authorizing anyone to take him in.
We assume that the finding of the Trial Court fairly implies a finding that the injury to Collins was due to negligence of the defendant. The defendant contends that there was not sufficient evidence to justify such finding. There was evidence that the defendant drove his automobile in such a way that it collided with a parked car. There was no evidence of any unusual circumstance which caused such collision. There was also evidence that the defendant was before the Central District Court of Worcester charged with driving an automobile while under the influence of intoxicating liquor at the time and place here in question, and that he pleaded guilty. This is sufficient evidence to support the finding of the Trial Court that the defendant was negligent.
The main question in this case is whether the negligence of the defendant is the proximate cause of the injury to the plaintiff’s property.
The Restatement of the Law of Torts, Negligence, contains statements of the principles governing such cases. It is perhaps enough to quote the following sections—
*131 433. “The following considerations are in themselves or in combination with one another important in determining whether the actor’s conduct is a substantial factor in bringing about harm to another:
(a) the number of other factors which contribute in producing the harm, and the extent of the effect which they have in producing it:
(b) whether after the event and looking back from the harm to the actor’s negligent conduct it appears highly extraordinary that it should have brought about the harm:
(c) whether the actor’s conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm or has created a situation harmless unless acted on by other forces for which the actor is not responsible:
(d) lapse of time.
434. It is the duty of the court to determine whether, upon the facts which are admitted, found by special verdict or reasonably inferable from the evidence, the actor’s conduct is a substantial factor in bringing about harm to another unless the question is open to a reasonable difference of opinion, in which case it is to be left to a jury.
435. If the actor’s conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.
439. If the effects of the actor’s negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person’s innocent, tor-
*132 tious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.
440. A succeeding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.
441. (1) An intervening force is one which actually operates in producing harm to another after the actor’s negligent act or omission has been committed.
(2) Whether the active operation of an intervening force prevents the actor’s antecedent negligence from being a legal cause in bringing about harm to another is determined by the rules stated in 442-453.
443. The intervening act of a human being or animal which is a normal response to the stimulus of a situation created by the actor’s negligent conduct, is not a superseding cause of harm to another which the actor’s conduct is a substantial factor in bringing about.
445. If the actor’s negligent conduct threatens harm to another’s person, land or chattels, the normal efforts of the other or a third person to avert the threatened harm is not a superseding cause of harm resulting from such efforts.”
These principles have been recognized and applied in many Massachusetts cases. The following are a few of what may be called defendant’s cases in which the defendant’s negligence has been held not to be the proximate cause of the injury to the plaintiff or his property.
In Snow v. New York, New Haven & Hartford R. R. Co., 185 Mass. 321, the plaintiff was injured by the negligence of the defendant. As a result of her injuries the plaintiff became subject to attacks of dizziness. She got into a pantry sink by means of a chair, became dizzy, fell and broke *133 her wrist. It was held that the original injury was not the cause of her broken wrist because her own act had intervened.
In Higgins v. Higgins, 188 Mass. 113, because an extension ladder was out of repair the two parts were tied together with a rope by fellow servants of the plaintiff. Plaintiff used the ladder, and the rope broke and the plaintiff was injured. Held that the cause of the injury was the negligence of the fellow servants, and not the defect in the extension ladder.
In Bellino v. Columbus Construction Co., 188 Mass. 430, the plaintiff had a shack for workmen in the employ of the defendant. Heat was necessary. The plaintiff did not put in a stove. The defendant did put one in, and supplied coal and wood. The laborers made the fire. The defendant had gasoline in another building. The laborers without right from time to time took gasoline to kindle the fire in the stove. One day there was an explosion and the building was burned up. Held that the stove was not the cause of the fire, and that the keeping of gasoline was not the proximate cause of the fire, and that the defendant was not liable.
In Slater v. T. C. Baker Co., 261 Mass. 424, an automobile was parked in the public street unlocked and with the key in the lock by a servant of the defendant. The car was stolen and thereby the plaintiff was injured. The negligent act of the defendant’s servant was not the proximate cause of the injury to the plaintiff.
In Smith v. Locke Coal Co., 265 Mass. 524, the defendant was delivering coal from a horse drawn vehicle backed up to the sidewalk, a chute extended across the walk and block *134 ed the plaintiff’s way. She went out into the street to get around the horse. She went into snow up to her knees, slipped on the ice and her right ankle was twisted. Held that the act of the defendant had no causal connection with the injury to the plaintiff.
In Falk v. Finkelman, 268 Mass. 524, the defendant had illegally parked his automobile overtime near an excavation which narrowed the travelled part of the street. There was a fire. The driver of a fire truck lost control of the truck, and struck the defendant’s car, driving it against the plaintiff who was on the sidewalk. Held that the defendant’s illegal act was a condition but not a cause of the plaintiff’s injury.
In Kaufman v. Boston Bye House, Inc., 280 Mass. 161, varnolene escaped from the defendant’s dye rooms into a drain and thence into a creek which was near the plaintiff’s building. Probably from a spark from a gasoline engine the varnolene caught fire and the plaintiff’s building was damaged. Held that defendant’s conduct was not the proximate cause of the damage.
In Bratton v. Rudnick, 283 Mass. 556, the defendant’s dam, reservoir etc,, gave away causing damage to the plaintiff. Notwithstanding possible negligence of the defendant the injury would have happened anyway because of the unprecedented heavy rain. Held that the damage was not caused by the defendant’s negligence but by vis major or act of God.
In Wainwright v. Jackson, 291 Mass. 100, the plaintiff was a tenant in a building owned by the defendant. The building caught fire. The plaintiff jumped out of the window to escape the fire, and was injured. The defendant had not complied with the statute as to fire extinguishers. Held *135 that the trial court was justified in finding that there was no causal connection shown between the injury and the violation of the criminal statute, which was only evidence of negligence and not proof.
In McKenna v. Andreassi, 292 Mass. 213, the plaintiff was a boy about six years old. He fell into an open ditch from which he had been warned. It was protected by barriers which the plaintiff crawled under. He was fishing in the trench with a bent pin for a hook, and fell in. The defendant had no permit to open the street and the trench was a nuisance. The question of proximate cause is ordinarily a question of fact, but may become one of law when the facts are clear and undisputed. Held that the defendant was not liable.
In Stone v. Boston & Albany Railroad Co., 171 Mass. 536, there were barrels of oil on the railroad platform. Some oil had soaked into the platform and into the ground underneath. A truckman visiting the defendant’s yard on business dropped a match which set the oil on fire and the fire spread to the plaintiff’s lumber yard. Held that the condition of the premises was not the proximate cause of the damage.
In Glynn v. Central Railroad Co., 175 Mass. 510, a brakeman coupling a car of the defendant in a yard of the New York, New Haven & Hartford R. R. Co. was injured because of a projecting bolt on the car. The car had been delivered to the New York, New Haven & Hartford B. B. Co., and there had been an opportunity to inspect it. The negligence of the defendant was held to be too remote.
In Daniels v. New York, New Haven & Hartford R. R. Co., 183 Mass. 393, the plaintiff’s intestate was injured by reason of a failure to give signals at a grade crossing. Two *136 or three weeks later he became insane. Two or three weeks later, while insane, he committed suicide. This voluntary act broke the line of causation, and the defendant was not liable for the death.
In Glassey v. Worcester Consolidated Street Railway Co., 185 Mass. 315, a feed wire reel was left on or near the side of the road. It was on its side. Boys tipped it up and rolled it down hill injuring the plaintiff. Held that even if the defendant was negligent, such negligence was too remote.
In Jacobs v. New York, New Haven & Hartford R. R. Co., 212 Mass. 96, a railroad torpedo was negligently dropped from a car. Boys picked it up and carried it away. Ten days later they exploded it and it killed the plaintiff’s intestate. The jury were instructed to find a verdict for the defendant.
In Carini v. Bishop of Springfield, 219 Mass. 117, the declaration alleged that the bishop appointed a man of known bad character to be a parish priest, and that the priest assaulted or ravished the plaintiff. A demurrer was sustained. Held that the proximate cause was the crime of the priest and not the negligence of the defendant.
In Horan v. Watertown, 217 Mass. 185, the defendant was negligent in the storage of dynamite. Boys stole it and threw sticks of the dynamite on a fire in the street. The explosion damaged the plaintiff. Held that the defendant was not liable.
In Bellows v. Worcester Storage Co., 297 Mass. 188, the plaintiff’s goods stored in the defendant’s warehouse were destroyed by fire. A door of the warehouse had been injured and negligently repaired. A truckman who knew this broke through the door, entered, and warmed himself by *137 the defendant’s fire. After some hours he went to the office, pulled out the fire alarm wires, threw papers on the floor and intentionally started a fire which destroyed the plaintiff’s goods. The causal connection had been broken and the defendant was not liable.
In Osborne v. Boston Consolidated Gas Co., 296 Mass., 441, the defendant dug a trench in the street without a permit. The plaintiff tried to walk around it, tripped over something, fell and was injured. Digging the trench without a permit had no causal connection with the injury.
There are also many of what may be called plaintiff’s cases, where notwithstanding intervening acts the negligence of the defendant has been held to be a proximate cause of the injury to the plaintiff or to his property.
In McDonald v. Snelling, 14 Allen 290, the court overruled a demurrer to a declaration alleging the negligent driving of a horse which caused another horse to run away and injure the plaintiff. There is a long discussion of authorities in this case, which seems to have become a leading case.
In Lane v. Atlantic Works, 111 Mass. 136, iron carelessly piled on defendant’s truck, which was left standing in the street, fell off and injured the plaintiff when the truck was interfered with by a third person. Held that the act might have been anticipated, and the jury could have found the defendant liable.
In Lynn Gas and Electric Co. v. Meriden Fire Insurance Co., 158 Mass. 570, a building and machinery used for generating electricity for electric lighting were insured against loss or damage by fire, and the jury found that the fire caused a short circuit of the electric current, which resulted in great damage to the machinery in a part of the building *138 not reached.by the fire. Held that the injury to the machinery caused in this way was a loss or damage .by fire within the meaning of the policy.
In Burke v. Hodge, 217 Mass. 182, a concrete wall fell by reason of faulty mixing of the concrete and by the negligence of a third person. Held that the faulty mixing was a proximate cause of the injury to the plaintiff.
In Leahy v. Standard Oil Co. of New York, 224 Mass. 352, gasoline was carelessly spilled by a servant of the defendant. In cleaning up some gasoline was left at the bottom of a pit in the floor. Dangerous vapor might form if the gasoline was heated. One Sullivan ran water out of the boiler. Fumes filled the cellar. An employee opened the firebox of the heater and an explosion resulted causing the death of the plaintiff’s intestate. The jury found for the plaintiff, and exceptions were overruled.
In Morrison v. Medaglia, 287 Mass. 46, by the defendant’s negligence the automobile in which the plaintiff’s intestate was riding was upset in the highway, and he was then negligently struck by another car. The plaintiff’s intestate was killed either by the first or second car. Held that the jury might find the negligent act of the defendant to be the proximate cause of the death.
In Wallace v. Ludwig, 292 Mass. 251, after an automobile accident, caused by the defendant’s negligence, the plaintiff’s intestate died of a streptococcus infection. Her system had been weakened by hemorrhages resulting from the accident.- Held that the jury could find the defendant’s negligence to be the proximate cause of the death. This case contains a long and careful opinion by Chief Justice
*139 We have cited only a few cases illustrative of the practical application of recognized principles of law. In many of these cases the question of proximate cause has been considered to be a question of fact to be decided by the jury or other fact finding tribunal. Following this practice we treat the finding of the trial court in this case as a finding of fact that the defendant’s negligence was the proximate cause of the injury to the plaintiff’s property. Such finding of fact is binding upon us and cannot be set aside. We find no prejudicial error.