Rescripts.

HERMAN CLANCY *vs.* R. O'BRIEN & Co., INC. February 4, 1963. Exceptions overruled. One Nickerson, employed by the defendant (O'Brien), lent a tractor, with a rope on it, to one Furello, employed by The Great Atlantic and Pacific Tea Company (A & P), to enable him to obtain from another part of a pier carts, to be furnished by A & P, in which fish purchased from O'Brien by A & P were to be placed. Furello attached two carts to the tractor. The second cart, attached to the first by the rope, came loose when the rope broke. The cart injured the plaintiff. There was a verdict against A & P in a case arising out of the same accident. An auditor made very detailed findings that Nickerson in effect knew the purpose for which the tractor and rope were to be used and knew that the rope was not "safe . . . to use to attach . . . carts." Nickerson died before the auditor's hearings. Although it is argued that these findings about a dead man's knowledge are unreasonable, the record affords no basis for testing whether they were warranted. Despite the fact that it was A & P's duty to furnish the carts, there was possible advantage to O'Brien in the loan of the tractor which might expedite the unloading of O'Brien's boat. Cf. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282, 283–284; *Magro* v. *Byington,* 344 Mass. 255, 257. We cannot say that the auditor could not conclude that Nickerson, having the knowledge thus charged to him, was negligent in lending an "instrumentality likely to injure third persons," thus participating with Furello in creating an unreasonable and foreseeable risk of harm from Furello's acts. The trial judge was not required (1) to strike under G. L. c. 221, § 56, either the auditor's finding of negligence or his entire report, or (2) to direct a verdict for O'Brien. Relevant principles are stated in *Lane* v. *Atlantic Works,* 111 Mass. 136, 139–140, *Mitchell* v. *Lonergan,* 285 Mass. 266, 270–271, *Flaherty* v. *New York, N. H. & H. R.R.* 337 Mass. 456, 459, 462, and *Smith* v. *Eagle Cornice & Skylight Works,* 341 Mass. 139, 141–142. Cf. *Horan* v. *Watertown,* 217 Mass. 185, 186; *Sullivan* v. *Griffin,* 318 Mass. 359, 361–362.

*Daniel F. Featherston, Jr.,* for the defendant.

*John J. Mackin, Joseph Aborn, & Paul L. Keenan,* for the plaintiff, submitted a brief.

BARBARA A. REARDON *vs.* DANIEL J. REARDON. February 4, 1963. Decree affirmed. The libel alleged cruel and abusive treatment and gross and confirmed habits of intoxication. The evidence is not reported but the probate judge filed a report of material facts. He found no cruel and abusive treatment and further found that the libellee was "a good father, a good husband, a good provider, a steady, sober worker and anything but an habitual drunkard." The judge's findings of fact must be taken as true in every respect unless the general findings are inconsistent as a matter of law with particular findings. *Quigley* v. *Quigley,* 310 Mass. 415, 416. There is no inconsistency here. The burden was on the libellant to prove the allegations of her libel. *Hamilton* v. *Hamilton,* 325 Mass. 278, 280. This she did not do.

The case was submitted on briefs.

*Philip P. Weiss* for the libellant.

*Hubert L. McLaughlin* for the libellee.