**MEIZNER v COBLITZ et al.**

Ohio Appeals, 6th Dist, Ottawa Co
No 126.   Decided Dec 1, 1930

Graves & Duff, Port Clinton, for Meizner.
Denman, Miller & Wall, Toledo, for Coblitz.

**WILLIAMS, J.**

From the opening statement of plaintiff's counsel, the following facts appear: The Sherlock Baking Company drove its truck westerly along the highway and parked it over to the left or south side, facing in the same direction, so that the southerly wheels of the truck stood about as far from the edge of the paved portion of the highway as the wheels which were on the paved portion thereof. The truck was therefore on the wrong side of the road. At the same time, Meizner was on the north side of the highway and north of the paved portion thereof. The Coblitz car approached form the west and the driver of the car, seeking to pass the truck, turned first to go by it on the right and then, seeing that he could not get by that way, he turned to the left to avoid hitting the truck or to pass it, and by reason of the fact that the driver turned to avoid the truck, the automobile skidded on the paved portion of the road, which was wet and slippery, and as it swung around it side-swiped the decedent and knocked him down and he sustained injuries which resulted in his death. We quote from the statement of plaintiff's counsel, near the conclusion thereof:

"We expect the testimony will clearly show that The Sherlock Baking Company were negligent in parking their automobile on the left side of the highway where they had no right to park under the law, and that Mr. Coblitz, had it not been for this car being parked where it had no right,—where it was parked unlawfully, would have proceeded right on down the highway and no injury would have resulted, but because of the fact that this automobile was parked there in an unlawful place and because of the fact that the pavement was slippery and that Coblitz lost control of his car and killed Mr. Meizner."

Under **6310-26 GC** it is unlawful to park an automobile or truck facing in a direction other than the direction of travel on that side of the highway. The bread truck was therefore parked in violation of a statute enacted for the public safety and in so parking its truck The Sherlock Baking Company was guilty of negligence per se. It is contended, however, by defendant in error, that such negligence could not have been a proximate cause of decedent's death nor directly contributed thereto. Like most opening statements, that made by plaintiff's counsel was somewhat general in its nature and did not recite in detail the facts and circumstances surrounding the transaction, but counsel did make it clear that he would adduce testimony which would show that the unlawful parking of the truck upon the highway directly contributed to produce decedent's death, and that without such act the death would not have occurred.

It has been held that where one unlawfully parks a truck upon a highway, so as to constitute negligence, and another person approached in an automobile under such circumstances that to avoid the truck he is compelled to vear his car, and in so doing, it skids and thereby inflicts injury upon another, it is a question of fact for the jury under instructions as to the law whether or not the truck owner's negligence in unlawfully parking his truck was a proximate cause of the injury.

Knight vs. Wessler, 248 Pac., 132;

Winsky vs. DcMandel, 266 Pac., 534.

We also call attention to the following:

Shafir vs. Sieben, 17 A. L. R., 637 and annotation;

Kerper vs. Pacific Gas & Electric Co., 36 Cal. App., 362;

Brooks vs. Menaugh, 284 S. W., 803;

Strothers vs. Kansas City, 296 S. W., 795.

So far as plaintiff's statement sets forth the facts, it clearly appears that the question of proximate cause was a mixed question of law and fact for the determination of the jury. What the evidence may show on retrial, we do not know. When the facts of the transaction are adduced, the question will again be presented. Whether a directed verdict will then be required is a question for future determination.

For the prejudicial error in directing a verdict, the judgment in favor of the defendant company will be reversed and the cause remanded for a new trial as to such defendant.

Lloyd and Richards, JJ, concur.