## BUCHER v OSBORNE

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 4, 1932

Carlyle & Carlyle, Youngstown, for plaintiff in error.

Elmer T. Phillips, Youngstown, for defendant in error.

ROBERTS, J.

Having made this statement as to the manner of the accident, it is claimed by counsel for plaintiff in error that prejudicial error occurred in the trial in several respects, as follows:

1. The verdict is not sustained by sufficient evidence and is contrary to law.

2. Excessive damages appearing to have been given under the influence of passion and prejudice.

3. The court erred in admitting testimony offered by the plaintiff below, to which the defendant below excepted.

4. Error in the court's charge to the jury before argument of counsel, to which defendant below excepted.

5. The court erred in overruling the motion for a new trial.

It is apparent that this fifth assignment for error depends upon the fact as to whether there was any previous error which would make it prejudicial to overrule the motion for new trial, so that that need be given no further consideration.

Taking up first for attention specifications number four, which is that there was error in the court's charge, this is claimed to have been in the giving of a special request, which was special request number four, as is recalled, and in this special request the court said to the jury:

"Ladies and Gentlemen of the jury, the court instructs you that, as a matter of law, no vehicle shall stop on a road or highway facing in a direction other than the direction of travel on that side of the road or highway."

This instruction is substantially in the language of §6310-26 GC of the rules of traffic, which reads as follows:

"No vehicle shall stop on a road or highway facing in a direction other than the direction of travel on that side of the road or highway."

It is contended that this section of the General Code is what is called a parking rule and that it had no application to this case, and in this we agree with counsel for the plaintiff in error. There was no allegation of negligence in the petition relating in any way to any negligent parking of the car by the defendant below, Mr. Bucher. Of course the location of his car was involved in the general proposition as to whether or not he was guilty of negligence in operating his car out in the street and then stopping there until under the surrounding circumstances, but there was no contention urged in the petition that simply because he did not park at the side of the road that he was guilty of negligence.

We think this instruction had no proper place in the instructions of the court to the jury, and that it is a reasonable conclusion that it had a prejudicial effect upon the minds of the jury. Greater consideration may be presumed to be given by the jury to a special request which goes to the jury in writing and is with the jury in its consideration of the case than simply the oral instructions of the court to the jury in the general charge. Much of that may, and perhaps frequently does, become somewhat vague and uncertain the minds of the jurors, but the special requests, they have with them during all of their deliberations for perusal at any time.

The court instructed the jury generally in this case, as is usually the fact, in effect that it was the province of the jury to determine all questions of fact, but the law was to be taken and applied as given by the court to the jury. Now, what would a jury naturally understand and conclude from the giving of this request? It would be a reasonable assumption in the first place, because it was given, that it had some reference to and some bearing upon the issues in the case and imposes some duty upon the jury to consider it in the determination of the issues, and the jury would naturally take this instruction as law for its guidance. This instruction says: "No vehicle shall stop on a road or highway facing in a direction other than the direction of travel on that side of the road or highway." Concededly the defendant below had not obeyed this rule. He had not parked either on Tod Lane that he was emerging from at the curb, nor at the curb on the westerly side of Belmont Avenue, which he had attempted to reach when he stopped by reason of the on-coming traffic in both directions. The jury then presumably would understand, as suggested, that it should give consideration to this instruction, should obey it as a rule of law, and further finding presumably, as was a fact, that the defendant below had not parked his car in such manner as directed, that he had done a wrongful thing and perhaps that a liability had therefore developed to respond in damages for the accident. Whether it would be understood that it was the duty under this instruction of Bucher to park his car on Tod Lane before he went out, by reason of the fact that he stopped before he crossed Belmont, or whether it was his duty at all hazards to get across Belmont Avenue and park his car on the other side, is uncertain.

There is no claim of error so far as want

of parking is concerned, and it can not be said that a failure to park under the circumstances was negligent on the part of Bucher. Whether he had a right to or was justified in stopping where he did, in view of the other traffic in the immediate vicinity, was a question for the jury to determine.

In the case of **Meisner v Coblitz, 39 Oh Ap, 20, (9 Abs 432)**, it was held that the parking of a truck on the wrong side of the highway in violation of statute is negligence per se, and the opinion in this case considers and construes this section of the Code upon which this request was made, and holds it to be a parking law.

As to the effect to be given an erroneous charge upon a matter which has no place in the instructions or in the litigation, we cite the case of **Toledo Railways & Light Co. v Campbell, 79 Oh St, 441**, where it is said:

"It is ordered and adjudged by this court, that the judgment of the said circuit court be, and the same hereby is, reversed for error appearing in the charge to the jury on the trial in the Court of Common Pleas, as follows: 'If you find from the evidence that the plaintiff's dray or wagon was upon the track upon which the car was approaching, and the motorman in charge of the car saw, or by the exercise of reasonable care on his part could have stopped his car, and in the exercise of reasonable and ordinary care he could have done so before the collision with the plaintiff's wagon occurred, you will find that the plaintiff is entitled to recover,' it appearing that there was no such issue in the pleadings and that the case was not tried upon such a theory."

So in that case it is apparent that the court reversed the judgment below because an instruction was given which had no proper place in the case.

In the **120 Oh St, 400**, the case of **Used Car v Hemperly**, the court quotes with approval from the case of **Parmalee v Adolph, 28 Oh St, 10**, as follows:

"A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the profuse and not mere abstract legal rules."

In the case of **Cincinnati, Hamilton & Dayton Ry. Company v Frye, 80 Oh St**, the opinion commencing on **page 289**, but reading from page 293, it is said:

"Hence the instruction challenged being manifestly erroneous as to a material matter, prejudice would be presumed, and the rule that error without prejudice is not ground for reversal can have no application in the present case."

The rule is thus established that an instruction by the court to the jury upon a proposition which has no proper place in the case concerning something which is neither an issue in the evidence nor in the pleadings under circumstances as indicated in this case, is presumably prejudicial, and if so reversible, and the conclusion is reached that this case should be reversed for this error in the instructions of the court to the jury.

Concerning the other alleged errors, first that the verdict is not sustained by sufficient evidence and is contrary to law, and second, excessive damages appearing to have been given under the influence of passion and prejudice, in view of the fact that this case is to be otherwise reversed, as heretofore indicated, we do not consider it advisable to enter into a discussion of these two propositions. These matters will be determined in the trial of the case. Considerable consideration has been given to these propositions and a large amount of testimony, particularly to expert testimony, was offered upon the proposition as to whether or not the mental ailments of the plaintiff below are properly referable as a cause thereof to this accident, is disputed seriously by the doctors who testify, this derangement having made its appearance a year or more after the accident, and this also involved the proposition of excessive damages. It appears reasonable that if this mental trouble was not caused by the accident, that the injuries observable at the time would not seem to justify a verdict in this amount, and, as suggested in brief by counsel for plaintiff in error, if the mental trouble is referable to the accident, then the verdict would not be adequate for the result so found to have been caused by the accident, and these propositions may vary in their nature and effect by other and different testimony in the case, and in any event it is a very difficult matter to weigh this conflicting testimony and we do not consider it desirable, in view of the fact, as suggested, that the case is otherwise reversed, and presumably the testimony may not be the same at the next trial.

It is also claimed that the court erred in admitting testimony offered by the plain-

tiff below, to which the defendant below excepted. This testimony was a long hypothetical question purporting to state the manner of the accident, the injury received by plaintiff, his final mental condition and in the end as to whether or not the accident caused the mental condition, and it is claimed that there were matters interpolated in that question which were not borne out as to conditions and circumstances by the testimony in the case. It is a difficult matter to go all over the record and determine with certainty just how much or whether or not all this question was justified by the testimony in the case. Of course, counsel understand that hypothetical questions should not have incorporated in them any matters which are not found in the testimony of the case or from which some reasonable inference may not be drawn, but in view of the fact that this case presumably will be tried over again, and if another hypothetical question is then asked it will depend upon the evidence introduced in such subsequent trial, and it is not worth while to consider this proposition now.

For the reason already indicated, the judgment of the court below is reversed and the cause remanded.

FARR and POLLOCK, JJ, concur.