## KIDD v BEALS

Ohio Appeals, 2nd Dist, Franklin Co

No 2743.  Decided April 1, 1937

H. F. Holscher, Columbus, Paul R. Gingher, Columbus, and B. B. Bridge, Columbus, for defendant-appellant.

John D. Gardiner, Steubenville, C. J. L. Yearick, Newark, and Donald Bennett, Columbus, for plaintiff-appellee.

## OPINION

By HORNBECK, J.

We refer to the parties as they appeared in the trial court. The action was for damages for personal injuries. The amended petition averred that on September 30, 1934, plaintiff was riding as a guest in the Ford car of Lewis Nightingale, moving westwardly on state Route 16, and about five o'clock P. M. when some five miles east of Columbia Center the defendant owning and operating his own car, a Plymouth, was moving in an easterly direction on said highway; that immediately behind the defendant a Mr. J. H. Griffith was driving his Essex; that as the car in which the plaintiff was riding approached the defendant's car he suddenly and without any warning or notice of his intention so to do, stopped his car upon the highway causing the driver of the Essex car to the rear of the defendant, in order to avoid a collision with the defendant, to drive to his left or north side of the highway and into the path of the plaintiff, resulting in a collision between these cars and injuring plaintiff in the particulars asserted in the petition to his damage in the sum of $25,000.00.

The specifications of negligence were two: First, in that the defendant stopped his automobile upon said highway immediately in front of said oncoming automobile without causing any signal or warning to

328

be made of his intention so to do in a way visible outside of its automobile; second, in that the defendant stopped his said automobile upon said road or highway upon the improved portion thereof and in such a manner as to obstruct the free passage of said road or highway.

The answer of the defendant, after admitting that plaintiff and defendant were moving westwardly and eastwardly, respectively, on said Route No. 16 at about five o'clock P. M. on September 30th, 1934, and that a collision occurred between an automobile driven by J. H. Griffith and an automobile in which plaintiff was riding, denied generally all other averments of the petition. Though probably not necessary, a reply was filed. Upon the issues joined the cause was submitted to a court and jury resulting in a verdict for the plaintiff in the sum of $5000.00, upon which, after motion for new trial was filed, heard and overruled, judgment was entered. An appeal on questions of law is prosecuted.

The evidence of the plaintiff supported the facts and averments of his petition as to the manner in which the accident occurred and substantially as to the injuries set out. The defendant's testimony tended to show that a car in front of him operated by Stanley Griffith slowed down; that thereupon the defendant slackened his speed, giving a signal of his purpose, both by hand and mechanically, and that the car in which the plaintiff was riding passed defendant's car and the Griffith car and that the accident then occurred and that the defendant's car in no wise was involved in the collision.

It will be observed that the specifications of negligence are grounded upon two sections of the General Code. The first, §6310-27 GC:

"No vehicle shall stop on any road or highway, except with front and rear right wheels within one foot of the right hand side of the improved portion of the road nor in any such way as to obstruct the free passage of the road; provided that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations or emergency."

The second section, §6310-22, GC:

"Drivers of vehicles before turning, stopping or changing their course shall make sure such movement can be made in safety and shall cause signals to be made of their intention in a way visible outside of the vehicle."

The defendant asserts that:

(1) The court erred in the general charge to the jury,

(a) In charging the provisions of the quoted sections.

(b) Upon the burden of proof.

(c) Upon the measure of damages.

(2) The verdict is excessive.

The court's charge in part was as follows:

"Now, the law further provides, (§6310-27 GC is quoted).

"The plaintiff has charged that the defendant was negligent in that he stopped his automobile upon said road or highway, upon the improved portion thereof in such a manner as to obstruct the free passage of such road or highway, and I charge you, members of the jury, that if you find by a preponderance of the evidence that the defendant did stop his automobile upon the road or highway, upon the improved portion thereof, in such a manner as to obstruct the free passage of said road or highway, if no emergency existed which required him to do so, I charge you that that would be negligence as a matter of law."

It is contended that §6310-27, GC, had no application to the facts in this case because it is a parking statute, has no reference to the movement of traffic on the highway proper nor to the delays and stops incident thereto, and that there is nothing in the record as to the distance from the right side of the highway of the front and rear right wheels of defendant's automobile when it stopped, and that "the free passage of the road was not obstructed since it could not have been if another car passed the point where the defendant's car was supposed to be stopped."

And further, that the court erred in not including in his charge the term 'lawful regulations' as found in the statute.

We are cited to **Bucher v Osborne, 14 Abs 150,** wherein it is held that §6310-26, GC, is a parking regulation and has no application to the position of an automobile crossing from an intersecting street, which has stopped when partly across the street to allow other cars to pass in front of it. By analogy it is asserted that §6310-27, GC, is a statute intended to cover parking regulations.

We do not say nor are we required to

say whether or not the first part of §6310-27, GC, is intended to apply only to the parking of automobiles. Plaintiff does not plead, the evidence does not tend to show, nor does the trial court permit the jury to find a violation of the first part of the section. The petition, the evidence and the charge are all directed to the latter part of the section, namely, the stopping of defendant's automobile upon the improved portion of the highway "in such a manner as to obstruct the free passage of the road." The court charged the exception proviso in so far as it related to an emergency presented to the driver but did not include the 'lawful regulations' term of the section. It is our judgment that that portion of the section which we now consider is not confined to the parking of automobiles but may have application to their operation in the improved portion of the highway and that in a situation such as is asserted by the plaintiff the section has application. It is not contemplated under ordinary conditions that a driver of an automobile will park his car in the improved portion of a highway open to traffic. It is a salutary provision that the automobilist should not be permitted in any way by stopping his car to obstruct a free passage of traffic on the road unless permitted so to do by lawful regulation or because of emergency.

The record does not support the claim of defendant that there is no evidence as to the position of the front and right rear wheels on the improved portion of the highway at the time that the defendant's car came to a stop. At page 66 of the record, J. H. Griffith testifying, the following questions were put and answers made:

"Q. What portion of the highway did it (defendant's car) stop on?
A. On the road bed proper, on the right side.
Q. Was any portion of it off on to the right berm?
A. Not as I remember."

And Mrs. Stanley Griffith, at page 31:
"Q. Where was that (defendant's) car stopped with reference to the highway, what part of the highway was it stopped on?
A. The right of way where it would be driving.
Q. Now the right of way, you mean what, what do you mean by that?

A. Well like where you would be driving along on the pike."

This testimony requires the inference that all of the wheels of defendant's car when it stopped were on the highway proper. However, if there was no evidence tending to show with exactness where the right front and right rear wheels were located with respect to the right side of the highway when the car stopped, this would not prevent the application of the latter part of the statute under the evidence which does appear in this record.

There are two reasons supporting the charge of the court in which the term 'lawful regulations' is omitted: First, there is nothing whatever in the record which would permit the inference that the defendant stopped his car under protection of any lawful regulation. His claim is that he did not stop his car at all and the plaintiff's testimony is all to the effect that he stopped his car for no reason apparent to the sense of vision. Secondly, the proviso under which the terms of the statute have no application is an exception which should be asserted by the defendant.

The charge of the court under §6310-27, GC, is in our judgment a correct exposition of the law.

The other section involved is §6310-22, GC. The court, after quoting the section, said:

"I charge you that if the defendant, if you find by a preponderance of the evidence that the defendant did stop his car on the highway in question, it was his duty to give a signal of his intention so to do in a way which would be visible outside of the vehicle which he was driving and if you so find by a preponderance of the evidence that he did stop his automobile on the highway and that he did fail to give signals which were visible outside of the vehicle of his intention so to do, then that would be negligence as a matter of law."

It is inquired "what is the effect of the balance of the section that the driver shall make sure of certain things." "Does it mean that in those particulars the driver shall exercise ordinary care or does it require a higher degree of diligence," etc.

As we view it, it is immaterial what it means because it has no application to this case. The requirement to give the signals is in addition to the necessity that the driver shall make sure that the turning,

stopping or changing his course can be made in safety. The signals must be given under both aspects of the statute. The defendant could not have been ▮▮▮▮▮▮▮ prejudiced in the failure of the court to charge that portion of the statute to which our attention is directed.

The next error assigned is directed to the general charge of the court upon the burden of proof wherein in part it was said, "Negligence is never presumed and the mere fact that an accident happens is not evidence of negligence. It does not necessarily give rise to liability. **Negligence is something that must be proven by one who asserts it.**" It is claimed that the court erred in that portion of the charge which is underscored and in support of the position we are cited to **Hanna v Stoll, 112 Oh St 344; Montanari v Hayworth, 108 Oh St 8; Industrial Comm. v Ripke, 129 Oh St 649; List v Chase, 80 Oh St 42; Newman v Fisher, 81 Oh St 49; Dykeman v Johnson, 83 Oh St 126; Traction Co. v Williams, 115 Oh St 124.**

We recognize the rules of these cases that the burden of proving negligence of a third person causing the injury of which plaintiff complains is at no time upon the defendant and that as improper instruction in one part of a charge can not be corrected by a proper statement of the law in another place in the charge, for the obvious reason that the jury would not know which proposition to accept as the law. However, this latter rule is subject to the necessity that the error be prejudicial.

We are of opinion that the statement to which objection was made was not prejudicial to the defendant. It was ▮▮▮▮▮▮▮ a general observation. The burden of proof was expressly put upon the plaintiff in all particulars asserted in his amended petition and the only instance wherein any burden was specifically placed upon the defendant related to contributory negligence. We are satisfied that the inadvertent general statement unconnected with any direction as to the burden of proof and remote from that part of the charge treating thereof was not misleading to the jury. In the cited cases the charges found to be objectionable specifically placed the burden improperly on the defendant to prove negligence of a third party in some designated particular.

It is further asserted that the charge of the court as to the measure of damages suffered by the plaintiff because of his injuries was improper in that it permitted the jury to consider "what effect, if any, the injuries sustained by the plaintiff would have upon his ability to earn a livelihood in the future."

Plaintiff's injuries consisted in part of cuts, lacerations on the face, extending on the right side thereof from the angle of his mouth to a point in front of his right ear, cuts on the left side of his mouth; the healed lacerations left permanent disfiguring scars, the nerves of his face were injured and severed and his face constantly moved in violent spasms and twitchy movements, his nevrous system and mental condition were affected permanently.

The nature and extent of the injuries from a medical standpoint were delineated by Doctor Murphy. The plaintiff also testified as to his injuries and respecting his pursuits, prior to, at the time of the collision and after his recovery. It appears at the time of the injury plaintiff was a student at Wittenberg College, a personable young man, gifted as a reader and entertainer, member of a group sent out from Wittenberg to give public performances and it might be properly inferred had a future in that field of public entertainment in which he had been engaged in college. At the time of the trial he was engaged as a cub reporter on a Springfield newspaper.

It has long been the procedure to permit juries in personal injury actions or actions for wrongful death to con-▮▮▮▮▮▮▮ sider and determine the pecuniary value of decreased earning capacity in the former and loss of pecuniary earnings in the latter. Many times it is difficult to produce evidence which will enable determination of these damages with exactness but it is the rule to require the best proof which under the facts is to be secured. 17 C. J. 897, says:

"It must be noted, however, that there can be no fixed rule by which the amount of damages for impairment of earning capacity may be definitely measured."

In discussing the matter Watson in his work on Damages for Personal Injuries at page 622 says:

"It is not necessary to establish a definite pecuniary value of the plaintiff's capacity to earn money to prove the extent of his actual pecuniary loss. It is, it is believed, only requisite to make it appear that the plaintiff was in the possession of powers and faculties available for money earning purposes, and the extent to which

these powers and faculties have been destroyed or impaired. Where the plaintiff was not, when injured, employed at fixed wages, nor was shown to possess any peculiar skill or knowledge having a definite money value, which was destroyed or affected by his injuries, it was held, that nevertheless the jury were at liberty, from all the facts proven, and in the exercise of their own knowledge and experience which they are supposed to possess in common with the generality of mankind, to award a reasonable amount for diminution of earning capacity." Citing Fisher v Jansen, 128 Ill. 549.

And at page 634 of the same work it is stated:

"In an action for personal injuries it is not necessary to a recovery of substantial damages for diminution of earning capacity that there should be direct proof of the extent of the plaintiff's pecuniary loss."

It is further claimed that the verdict and judgment are excessive. We find no support for this position on the record. The jury was well within its province in fixing the verdict at the sum of $5000.00 and the approval of the trial judge by entering judgment thereon was likewise well supported.

The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.